## LADD, Appellant, v. FORSEE.

### Division One, June 12, 1901.

Special Judge: JURISDICTION. Parties can not confer jurisdiction upon a court or a special judge by consent or agreement, except in the manner prescribed by law. If the regular judge is present, and nothing appears in the record to show his inability through sickness, absence or any other cause to try the case, and he is not disqualified by the parties or himself, an agreement by the attorneys or parties, to try the cause before a special judge, gives him no jurisdiction, and any judgment rendered by him is invalid.

Appeal from Chariton Circuit Court.—*Hon. C. B. Crawley* Special Judge.

REVERSED AND REMANDED.

*Kinley & Kinley* for appellant.

The special judge who tried this case had no jurisdiction; the regular judge was not disqualified, and the record shows his presence, and at all times holding court. Bank v. Graham, 147 Mo. 250.

*R. B. Garnett* and *S. P. Forsee* for respondent.

Record states that the special judge qualified. Sections 1679 and 1683, Revised Statutes 1899, authorizes the parties to the suit to agree on a special judge. The presumption is that the regular judge was disqualified or the special judge would not have been called in and agreed on by the parties. The law

does not require that the record should recite the ground of dis-
qualification.   The objection of appellant to the special judge
comes too late after he has submitted his case to the special
judge and found the decree against him.   State v. Hosmer, 85
Mo. 556; Green v. Walker, 99 Mo. 73; State v. Gamble, 108
Mo. 504; State v. Dodson, 72 Mo. 285; State v. Knight, 61
Mo. 373; Lacy v. Barrett, 75 Mo. 471; Barnes v. Mullens, 78
Mo. 266.   The alleged record entries, not relating to this case,
said to have been made on the same day when the case at bar
was tried, are not properly in this record and so far as the
respondent or this court knows, are the mere self-serving asser-
tions of appellant.   They are not in any way authenticated, and
for the want of evidence to the contrary, respondent denies that
they are correct.   Nor do they show that Judge RUCKER was
not disqualified to try this case.   Appellant is making a col-
lateral attack on the jurisdiction of the special judge.   He did
not, by prohibition, raise the point directly, but selected his
forum, submitted his case to the special judge, made no objec-
tion to his jurisdiction in the motion for a new trial, nor by
motion in arrest, and his appeal was allowed by the special
judge.   His objections, therefore, come rather late.   "More-
over, the judgment could not be collaterally attacked, even for
want of jurisdiction, by matter *in pais*.   Such an attack must
be made on the record in the case."   Reed v. Nicholson (Mo.),
59 S. W. 977; Hickory Co. v. Fugate, 143 Mo. 71; Pomeroy
v. Fullerton, 113 Mo. 440; Vaughan v. Daniels, 98 Mo. 230;
Kern v. Ins. Co., 40 Mo. 20; Bowling v. McFarland, 38 Mo.
465.   Judge RUCKER may have been prejudiced in the case,
related to either party, of counsel, interested in the cause, sick,
either or all of which the court will presume, or he would not
have made the record entry permitting the parties to agree on a
special judge.

MARSHALL, J.—This is an action in ejectment to recover the north half of lot 71, in Carlton Place, an addition to Kansas City. The petition is in the usual form. The answer is in four parts: first, a general denial; second, a plea that the plaintiff is not the real party in interest; third, the pendency of a prior ejectment suit between the same (and other) parties, for the recovery of the same premises; fourth, an outstanding title, superior to plaintiff's, with a prayer for the cancellation of the plaintiff's deed as a cloud upon the title of such owner of the outstanding title. The reply is a plea of *res adjudicata* as to the matters set out in the defendant's fourth plea, but the alleged owner of the outstanding title is not averred to have been a party to the action wherein such matters are claimed to have been adjudicated.

The suit was begun in Jackson county, and the venue afterwards changed to Chariton county. The case came on for trial on January 19, 1898, during the regular January term, 1898, of the Chariton Circuit Court. HON. W. W. RUCKER was at that time the regularly elected and qualified judge of that court, and had been and was then engaged in holding said term of said court, and continued so to do during the whole of said term. But pursuant to a practice that formerly obtained in that and perhaps other circuits, without disqualifying Judge RUCKER in any manner, the parties, by agreement among themselves, selected C. B. Crawley, a member of that bar, as a special judge. He qualified as such special judge and tried the case. After hearing the evidence at the January term, the special judge took the case under advisement, and, at the adjourned July term, 1898, during the session of the court, which the regular judge was holding, rendered a judgment for the defendant. No instructions were asked or given on either side. Afterwards, the plaintiff perfected this appeal, all the proceedings being had before the special judge.

In the view we take of this case it is not necessary or proper to refer to the merits of the case, for it is apparent that the case falls within the rule laid down in Bank v. Graham, 147 Mo. 250, and that the special judge never acquired any jurisdiction to hear and determine the case, and, hence, the judgment is a nullity and the case must be treated as if it had never been tried, but was still pending in the circuit court of Chariton county.

There is nothing in this record to show any *inability* of the regular judge through sickness, absence or any other cause, to try the case, and it was expressly held in Bank v. Graham, supra, that such inability, "is the indubitable predicate of any acquisition of jurisdiction by any special judge, whether elected or agreed upon in accordance with section 3323, Revised Statutes 1889, or agreed upon by the parties in accordance with section 3327, ib."

The fact that the question arose in that case on prohibition, while here it appears on appeal, in no manner varies the rule then announced. In both cases the special judge was selected by the agreement of the parties, when the regular judge was present and in no manner disqualified to act, and here, as always, it must follow that the parties can not confer jurisdiction upon a court or a special judge by consent, nor by agreement except when and in the manner prescribed by law. Failing in such necessary requirements, the judgment rendered by a person so selected as a special judge has no legal force or vitality.

The facts appear in the record before us, and thus appearing there is no room for the indulgence of any presumption. Especially is it impossible to presume that an officer did his duty and that he acted as the law requires, when the record affirmatively shows that the person acting as a special judge was never a special judge in contemplation of law, and the regular judge was not disqualified or attempted to be disqualified, by

the parties or the judge himself to act and try the cause.

The delay in the final determination of the case which results from this holding arises from the act of the parties themselves, and grew out of a practice in that circuit which was not authorized by law.

For these reasons the judgment is reversed and the cause remanded without costs, to the circuit court of Chariton county to be tried as if no trial thereof had ever been attempted to be had before such special judge.

All concur.