JOHN S. DAUWALTER & SON, Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 8, 1906.

1. **COURTS: Disqualified Judge: Calling Judge: Statute.** Section 1678, Revised Statutes 1899, is of comprehensive import and clearly implies that it should be liberally and not strictly construed.

2. ———: ———: ———: ———: **Assigning Cause.** If an order calling a judge of another circuit to sit in a certain cause recites that the regular judge will be unable to try said cause at the time set, there is no necessity of giving the reason of his inability and every presumption will be indulged in support of the proceedings under it.

Appeal from Cooper Circuit Court.—*Hon. Samuel Davis*, Judge.

115 app—37

AFFIRMED.

*Martin L. Clardy* and *John Cashman* for appellant.

(1) The order made by his honor, Judge Martin, requesting Judge Davis to try this case was an absolute nullity. Rawlins v. Timons, 80 Mo. App. 84; Bank v. Graham, 147 Mo. 253; Ladd v. Forsee, 163 Mo. 506; State v. Shea, 95 Mo. 89; State ex rel. v. Flournoy, 160 Mo. 324. (2) One regular judge has no power or authority to substitute a regular judge of another circuit in his stead to hear and determine any particular cause or causes as a mere matter of convenience or accommodation to either. The record must show that a legal necessity compelled the request. Bank v. Graham, 147 Mo. 253; Ladd v. Forsee, 163 Mo. 506; Gale, Admr., v. Michie, 47 Mo. 326; Allen v. Snyder, 82 Mo. 256. (3) There was no authority in law for the regular judge to set a particular case and request a judge of another circuit to come and try that case. He could at best, make the request to hold a term or a part of term of his court. He had no right to particularize and single out the defendant and say that it must submit to a jurisdiction not authorized by law. Gale, Admr., v. Michie, 47 Mo. 326; R. S. 1899, sec. 1678.

*John Cosgrove* for respondents.

(1) By section 1678, Revised Statutes 1899, it is provided that whenever the judge of any circuit court shall be sick, absent, or for any cause unable to hold any term or part of a term of court in his circuit, he may request the judge of another circuit to hold it for him, and such judge so called in shall possess all the powers of the regular judge of that circuit. State ex rel. v. Fort, 178 Mo. 525, 526; Field v. Mark, 125 Mo. 513. (2) Judge Martin was not compelled to set out the causes which rendered it necessary, in his judgment, to call in Judge Davis to try this and other cases and finish out the Jan-

uary term of court. The presumption is that Judge Martin had sufficient cause to authorize him to invoke the powers given him by the statute. State v. Hunter, 171 Mo. 439-440; Riggs v. Owen, 120 Mo. 182-3; Hendricks v. Railroad, 107 Mo. App. 132. (3) The fact that Judge Martin held court in Cole county continuously from Monday, March 6th to March 17th, enforced his absence within the meaning of the law. State v. Downs, 164 Mo. 478 1. c.

BROADDUS, P. J.—The plaintiffs sued defendant as common carrier for the value of certain goods alleged to have been lost in transit. The action was instituted before a justice of the peace, where plaintiffs obtained a judgment, and defendant appealed. After the cause had been appealed to the circuit court, defendant made an application for a continuance, which on the 3rd day of March, 1905, was overruled, and the case was set for trial March 16, 1905, by request to be tried by Judge Samuel Davis because the regular judge would be unable to try the case on said date. When the cause was called for trial, the defendant objected to the Hon. Samuel Davis, who was the regular judge of the Fifteenth judicial circuit, of which Cooper county was not a part, but was a part of the Fourteenth judicial circuit, of which the said W. H. Martin was the regular judge. Certain specific objections were made to Judge Davis trying the case, viz.: Because it did not appear that Judge Davis had been called to sit as judge on account of the sickness, absence, or inability of said Judge Martin to hold said term or part thereof; and because it did not appear that said Davis had been elected to hold such term or part thereof, or that he had been agreed upon by the parties as special judge to try the cause. Defendant's objections were overruled by the court, Judge Davis presiding. Whereupon, defendant excepted to the action of the court and withdrew from further appearance in the case. After which, the cause proceeded to trial. The finding

and judgment being for the plaintiffs, defendant appealed.

The only question presented for consideration is: Was Judge Samuel Davis authorized to try the cause? The defendant contends that the matter was *coram non judice*. The case of Bank v. Graham, 147 Mo. 250, among others, is cited in support of defendant's contention. The facts of that case were that in the suit of Bank v. Donnell, a plea in abatement to the attachment pending was tried before Judge Rucker, the regular judge; whereupon, a jury was impaneled before him to try the cause upon its merits. This was on Friday, and as the circuit court at Salisbury in Chariton county in his district would begin on the succeeding Monday, he did not believe he would get through with the trial on its merits without discommoding him, as he desired to return to his home at Keytesville before going to Salisbury on the Monday following for the opening of his court at that place. Whereupon, the parties agreed to try the cause before the Hon. J. F. Graham, sitting as a special judge. The evidence showed that Judge Rucker was not disqualified and that counsel on both sides preferred that he should try the cause, and that it was only at his urgent request they agreed to excuse him. It was held that the special judge acted without authority, as it did not appear that Judge Rucker was unable to hold court on account of sickness, absence, or any other cause. In Ladd v. Forsee, 163 Mo. 506, it is held: "If the regular judge is present, and nothing appears in the record to show his inability through sickness, absence, or any other cause to try the case, and he is not disqualified by the . . ., to try the cause before a special judge gives him no jurisdiction." The other cases cited by defendant have no application to the question raised.

Sections 1678 and 1679, Revised Statutes 1899, were also construed in State ex rel. v. Fort, 178 Mo. 518; where it appeared that respondent Fort, judge of the circuit court of Butler county, entered on the records of

the court an order in a disbarment proceeding against relator, which recited respondent's disqualification to set at the hearing of said proceeding, and that Judge James Fox of the Twenty-seventh judicial circuit was called in to hear and try said cause in his place. We quote from the opinion as it is printed and portions italicized as follows: "By section 1678, Revised Statutes 1899, it is provided that whenever the judge of any circuit shall be sick, absent, or *for any cause* be unable to hold any term, or part of term of court in his circuit, he may request the judge of another circuit to hold it for him, and that such judge called in shall possess all the power of the regular judge of the circuit, and this is followed by section 1679, wherein it is further provided, - that whenever the judge *for any cause* shall be unable to hold any term or part of term of court, and shall fail to provide another judge to hold said term or part of. term, or *if the judge is interested or related* to, or shall have been of counsel, for either party, or when the judge, if in attendance, *for any reason cannot properly proceed in any cause or causes pending in such court,* a member of the bar may be chosen, etc." The court held that, "under the sweeping and comprehensive language" of the statutory provisions, the order disqualifying him from trying the cause was lawful. And it is further intimated that the court had the inherent power to make the order independent of the statutory provisions. The words *for any cause* or *for any reason cannot properly proceed in any cause pending in such court* are certainly of comprehensive import. The language used clearly implies that the statute should be liberally, not strictly, construed.

The ground assigned by Judge Martin was that he "will be unable to try the case on said date"—the date it was set for trial. It seems to us that it was a good cause for calling in Judge Davis to hold that part of the term. If it was true that he would not be able to try the cause on the date set for the trial, a trial could not be had un-

less before some other judge. But it is insisted by defendant that Judge Martin should have stated the reason why he would not be able to try the case. If the *cause* he assigned why he could not try the case was sufficient, he was not bound to state the reason why he could not do so. If the *cause* alleged was good, the law will presume it was true. "Every presumption will be indulged in support of the proceedings of a court of general jurisdiction." [State v. Hunter, 171 Mo. 435.] In that case, it is held: "It is not necessary for the regular judge of a court of general jurisdiction to recite on the record his reasons for calling in the special judge after he himself has been disqualified." [See Hendrix v. Railroad, 107 Mo. App. 127; Riggs v. Owen, 120 Mo. 176.] The case at bar differs in principle from that of Bank v. Graham, supra. In the latter, the judge stated no cause whatever why he could not try the case, but only that it would inconvenience him to do so.

Defendant attempts to draw a distinction between a part of the term of a court and the time it would require to try a single case. But in reality, there is no such distinction; at most, it is only apparent. Other questions raised are immaterial.

For the reasons given, the cause is affirmed. All concur.