THE STATE ex rel. W. J. C. ALLEN v. FRANCIS H. TRIMBLE et al.,
Judges of Kansas City Court of Appeals.—297 S. W. 378.

Court en Banc, June 27, 1927.

1. **CERTIORARI: To Court of Appeals: Application: Citing Case.** If the
relator in his application for a writ of **certiorari** to a court of appeals
specifically alleges in what particular its action was illegal and in his sug-
gestions in support thereof points out the particular decision of this court
with which it conflicts, the writ will not be denied simply because the appli-
cation itself does not allege that the action conflicts with such decision.

2. ———: ———: **Conflict with Other Decisions.** The dominant purpose
of the writ of **certiorari** directed to a court of appeals being to bring its
decisions into harmony with the decisions of this court, the inquiry will not
be limited to a consideration of those cases cited by relator as constituting
the sole ground of conflict.

3. ———: ———: **Timely Application.** As applicable to this case the ques-
tion of the timeliness of relator's application for a writ of **certiorari** to the
Court of Appeals was foreclosed by the issuance of the writ, the question
involved being of sufficient importance to justify the court in refusing to
further consider the fact that the application was not made within the time
suggested in other cases as a reasonable time.

4. **COURT OF APPEALS: Selection of Special Judge.** By the Constitu-
tion (Sec. 14, Art. 6; Sec. 3, Art. 6, Amendment of 1884) each of the courts
of appeals is required to consist of three judges, two of whom shall con-
stitute a quorum; and neither in the Constitution nor in the statutes is to be
found a provision for the selection of a special judge in a case pending in
such court unless the judges are equally divided; and where one judge of
a court of appeals is sick and absent, and another having been counsel for
one of the parties and for that reason disqualifies himself to sit in the case,
the parties cannot by stipulation agree to the selection of a special judge to
sit with the remaining judge in the hearing and determination of the case.

**5. COURT OF APPEALS: Selection of Special Judge: Stipulation: Waiver of Jurisdiction: Estoppel.** Judicial power can be conferred upon a court or a person only by the law; and where the law does not provide for the selection of a special judge to sit in a case pending in a court, the parties cannot remedy the defect by agreement; and their act being futile, their consent will not estop them from denying the jurisdiction of the court. There can be no waiver where a court is without power to hear and determine a case. **Held,** by BLAIR, J., dissenting, with whom ATWOOD, J., concurs, that this court should show no consideration to a relator who entered into a solemn stipulation that, two of the judges of the Court of Appeals being disqualified, a named special judge should sit in the case and with the remaining judge hear and determine it; and who raised no objection to the qualifications of said special judge as such until after his motion for a rehearing was overruled, unless he is clearly and fairly entitled to such consideration under the rules of this court; and where he did not apply for a writ of **certiorari** for forty-seven days after his motion for a rehearing was overruled, and in his application did not cite the case with which he now contends the opinion of that court conflicts and which shows it did not have jurisdiction, but cited only cases which he contends the opinion contravened on the merits, he should be held to his stipulation, and his untimely application be denied.

**6. ——: ——: Disqualified Judge.** If a judge of a court is disqualified for one purpose to sit in a pending case, he is disqualified for all purposes of the case. If a judge of a court of appeals disqualified himself to sit in a pending case because of having been counsel for one of the parties, he is bereft of power to act with the remaining judge in the selection of a special judge to sit in the case.

**7. ——: ——: Conflict with Prior Decision: Jurisdiction: Certiorari.** Parties cannot confer jurisdiction upon a court or a special judge by consent or agreement, except in the manner prescribed by law; and two of the judges of the Court of Appeals being disqualified or unable to sit in a pending case, and there being no provision in either the Constitution or statutes for the selection of a special judge to sit with the remaining judge and thereby constitute a quorum, a decision of the court rendered by the remaining judge and a special judge, who sat in the case in pursuance to a stipulation of the parties, should be quashed upon **certiorari.** **Held,** by WALKER, C. J., with whom GRAVES, J., concurs, that such decision contravenes Ladd v. Forsee, 163 Mo. l. c. 509, and for that reason should be quashed; and the question being solely one of the jurisdiction of the Court of Appeals, and its lack of jurisdiction appearing on the face of the record, and the application for the writ having raised the question, the relief should not be denied; and whether there was a lack of timeliness in applying for the writ, and whether the application would have been timely if no other grounds of conflict had been urged therein, are questions that need not be decided. **Held,** by WHITE, J., concurring, with whom RAGLAND, J., concurs, that in order to quash the record upon **certiorari,** it is not necessary to show a conflict with prior decisions of this court; that to quash the opinion on the ground of conflict is to admit that the Court of Appeals had jurisdiction; that the want of jurisdiction appears on the face of the record, and this court, in the exercise of its superintending control over all other courts, should quash the opinion on the ground that it was rendered in a matter over which the Court of Appeals had no jurisdiction, because there was no properly constituted court.

Corpus Juris-Cyc. References: Certiorari, 11 C. J., Section 37, p. 106, n. 71; Section 139, p. 148, n. 96; Section 147, p. 151, n. 42. Courts, 15 C. J., Section 27, p. 730, n. 52; Section 101, p. 802, n. 6; Section 164, p. 844, n. 18; Section 511, p. 1078, n. 39; p. 1079, n. 42. Judges, 33 C. J., Section 85, p. 962, n. 17; Section 203, p. 1024, n. 86, 91; Section 218; p. 1029, n. 22; Section 219, p. 1030, n. 46.

*Certiorari.*

RECORD QUASHED.

*H. S. Julian* for relator.

(1)   There is no provision in the Constitution for a special judge of a court of appeals.   There is no statute that makes any provision for agreeing on a judge of the Court of Appeals. Sec. 41, Art. 6, Mo. Constitution; Sec. 2, Art. 6, Amendment of 1884. (2)   The establishment of a court is an act of sovereignty; that the State through the Constitution or its law making body can also establish a court. Ladd v. Forsee, 163 Mo. 506; State ex rel. v. County Court, 50 Mo. 321.   Counsel for appellant and respondents could not create a court of appeals by agreement.

*Ed. E. Aleshire* for respondents.

(1)   The court erred in issuing the preliminary writ for the reason that it was not presented in due time after the overruling of relator's motion for rehearing.   State ex rel. Berkshire v. Elliston, 230 S. W. 970.   (2)   The application on its face for the temporary writ is fatally defective, for it did not show facts sufficient to authorize the writ, as it showed the motion for rehearing was filed out of time in the Kansas City Court of Appeals.   (3   The writ should be quashed for want of abstract of record.   State ex rel. Pedigo v. Robertson, 181 S. W. 987.   (4)   Because the opinion of the Court of Appeals is not in conflict with any former opinion in any case decided by this court.   (5)   Because Judge M'Cune, as a substitute judge, was at least a *de facto* judge in the absence of any objection by relator after signing the stipulation and before the opinion was written, and the further fact that relator in his motion for rehearing did not suggest lack of jurisdiction by Judge McCune.   Objections, if any, should have been made and called to the attention of the court before the final disposition of the same in the Court of Appeals.   (6) Because no abstract of the record being supplied as required by rules of court there is nothing to indicate the subject-matter in controversy.   Rules 13, 33, 34, 35, of this court.   (7)   After the signing of the stipulation, and before the hearing by the court, or at any time even before the decision, if relator had made objections to Judge McCune, whether justly or not, he no doubt would have declined to sit in the case.   An estoppel should be successfully invoked against the relator.   Parties cannot enter into a sacred agreement in writing to call or agree upon a substitute or special judge where good and sufficient reasons are assigned for such action, and then if defeated

declare or attempt to declare such agreement void. It is an estoppel, a waiver and against public policy to so deal with the court. State v. Gilmore, 110 Mo. 4; Field v. Mark, 125 Mo. 514; Kimball v. Penney, 117 Ala. 245; City of Oakland v. Hart, 129 Cal. 98; Schlungger v. State, 113 Ind. 295; Greenwood v. State, 116 Ind. 485; Love v. Jones, 189 Ind. 390.

WALKER, C. J.—This is an original proceeding by *certiorari* to quash the record of the Kansas City Court of Appeals in the case of W. J. C. Allen v. Lloyd Best et al., which was a suit to determine the ownership of certain shares of stock in a corporation named therein.

Upon a trial in the circuit court a judgment was rendered in favor of the defendants. An appeal was thereupon perfected to the Court of Appeals. When the case came on for hearing Judge TRIMBLE of the Court of Appeals was ill and Judge ARNOLD disqualified himself as having formerly been of counsel for the plaintiff. The parties litigant thereupon entered into a stipulation by which they agreed to the selection of Judge Henry L. McCune, a member of the Kansas City Bar, to sit as a special judge with Judge BLAND in the hearing and determination of the case. Judge McCune consented to perform the duties of a special judge as stipulated by the parties. The case was heard before Judge BLAND and Judge McCUNE, sitting as judges, and was assigned to the latter to prepare an opinion therein; the opinion submitted and adopted affirmed the judgment of the circuit court. After the overruling of his motion for a rehearing the plaintiff—relator—sued out this writ, alleging that the court, as attempted to be organized by the selection of Judge McCune as a special judge, was without jurisdiction to hear and determine the case submitted and in ruling to the contrary it contravened the decision of this court in Ladd v. Forsee, 163 Mo. 506.

The many irregularities in the presentation of the application for this writ are sufficient, under ordinary circumstances, to authorize its denial. Despite these irregularities the question of the Court of Appeals' jurisdiction as attempted to be exercised in the disposition of the original case is one demanding determination.

We will first consider the purely technical objections which may be urged to the issuance of the writ.

I. It may be admitted that the relator did not, according to the letter of our Rule 34, cite Ladd v. Forsee, 163 Mo. 506, as having been contravened by the ruling of the Court of Appeals as attempted to be created by the action of one of its judges. Relator did, however, specifically allege the illegality of the court's actions **Application.** as thus constituted as one of the grounds for the issuance of the writ and in his suggestions in support of his petition

he urged that the court in thus proceeding contravened our ruling in the Ladd case. This was sufficient. The prime purpose of the constitutional provision authorizing a review by this court of the rulings of the courts of appeals is for the purpose of harmonizing their decisions with those of the Supreme Court, or more briefly put, to eliminate conflicts in rulings. This being the dominant purpose of the power conferred, we are not and should not be limited to the cases cited by a relator constituting the sole ground of conflict. Such a construction of our Rule 34 would, in many instances, defeat the purpose of the constitutional provision authorizing a review of the opinions of the courts of appeals, as it not infrequently occurs in determining the existence of a conflict that cases not cited by the relator are held to be determinative of his contention. [State ex rel. Mo. Gas & Elec. Co. v. Trimble, 307 Mo. 536; State ex rel. Shawhan v. Ellison, 273 Mo. 218; State ex rel. Gordon v. Trimble, not reported.] Illustrations of this character are found where the relator has not cited the last controlling opinion of this court but has cited earlier cases. In fact we have entertained jurisdiction in cases where the allegations in regard to a conflict were specific only as to the character of same and the rulings relied on to support the relator's contention were not set forth in his petition but in his suggestions in support of the latter. Neither reason nor authority can therefore be properly invoked to sustain a contention that this case should be permitted to ride off on the ground that Ladd v. Forsee was not cited by the relator in his petition.

Under the rule of limitation adopted by this court in the Berkshire case, 287 Mo. 654, the application for this writ was not made within the time therein limited. It may be sufficient to say that so far as applicable to this case the question as to the timeliness of the relator's application was foreclosed by the issuance of the writ herein. The importance of a judicial determination of the question here involved constitutes a sufficient reason for the court's action in this regard and is ample to sustain the propriety of the court's action. A more deliberate examination of this record as disclosed by the Court of Appeals' opinion but tends to confirm the correctness of our ruling in granting the writ despite the limitation in the Berkshire case.

II.  Under the State Constitution, each of the courts of appeals is required to consist of three judges, two of which shall constitute a quorum. [Sec. 3, Amdt. Const. 1884; Sec. 14, Art. 6, Const. Missouri.] In the case of a vacancy in any judicial position the Constitution provides that it may be filled in the manner provided by law. [Sec. 32, Art. 6, Const. Missouri.] While ample provision is made in the Constitution and the statute for the filling of vacancies in the office of circuit judge, in neither

Special
Judge.

the Constitution nor the statute is there to be found a provision for the selection of a special judge in a case pending in a court of appeals, except where the judges sitting are equally divided in opinion, [Sec. 11, Art. 6, Const. Missouri.] It is axiomatic that judicial power can only be conferred upon a court or a person by the authority of the law. Where, therefore, a court, as at bar, is unable to perform its judicial functions through a lack of the requisite number of judges to constitute a quorum, the parties litigant cannot remedy the defect and set the wheels of judicial machinery in motion by the selection of judges to fill the vacancies. The act of the parties in their attempt to confer judicial power being futile their consent to the selection of judges, regardless of its form, will not estop them from denying the jurisdiction of the court. There can be no waiver where a court is without power to hear and determine the facts. [Jones v. Sanderson, 287 Mo. 1. c. 183.]

More concretely stated, upon Judge Arnold becoming recusant by his own plea, he bereft himself of power to act with Judge Bland in the selection of a special judge. If disqualified for one purpose he became disqualified for all purposes so far as the instant case is concerned. Unless it be held, therefore, that a special or *de facto* judge can be created by the act of Judge Bland alone the selection of Judge McCune was a mere nullity.

III. The ruling in Ladd v. Forsee, 163 Mo. 1. c. 509, is urged by the relator as having been contravened by the opinion of the Court of Appeals, in which the Supreme Court tersely said:

**Conflict: Jurisdiction.** "Parties to a suit cannot confer jurisdiction upon a court or special judge by consent or agreement, except in the manner prescribed by law."

The Ladd case follows the rule announced in Bank v. Graham, 147 Mo. 250. While the decisions in these cases were in regard to vacancies in the office of circuit judge, the rule announced as to the necessity of legal authority for the investing of judicial power is general in its application. The question here involved is not one dependent for its solution upon a showing in the one instance of a judge's incapacity, nor in the other of his recusancy, nor to any personal objections to Judge McCune. These questions, as in cases concerning vacancies in the office of circuit judge, become pertinent because of the existence of a law authorizing the selection of special judges and hence their qualifications become material, but not in the absence of any law on the subject. Nor does the contention as to the lack of timeliness of the relator in raising the question of contravention merit more than passing consideration. The question here is solely one of jurisdiction. It was properly raised in the relator's petition for this writ. Whether it would have been timely if other

questions had alone been urged as grounds of contravention and the question of the court's jurisdiction had been apparent upon the record, as at bar, but had not been saved, it is not necessary to decide in this connection.

From all of which it follows that the Court of Appeals, as constituted by the act of the parties, in its hearing and attempted final adjudication of the case of Allen v. Best, supra, was without any authority in law; and that its ruling to the contrary was in contravention of the decision of this court in Ladd v. Forsee, supra.

The record of the Court of Appeals is therefore quashed. *Graves, J.*, concurs; *White, J.*, concurs in a separate opinion, in which *Ragland, J.*, concurs; *Blair, J.*, dissents in a separate opinion in which *Atwood, J.*, concurs; *Gantt, J.*, not sitting.

WHITE, J. (concurring).—I concur in the conclusion reached by WALKER, J. I do not think it is necessary for us to show any conflict with a previous ruling of this court in order to quash the record of a court of appeals.

Where this court quashes the judgment of a court of appeals on account of conflict with our latest ruling, the court of appeals has jurisdiction of the case. We quash the record only because it exceeds its jurisdiction by failing to follow our latest ruling. And where a court of appeals acts in a matter over which it has no jurisdiction whatever, or attempts to function in a case over which it has no right to proceed, then the superintending control of this court authorizes us to quash the record for the reason that the court is entirely without jurisdiction of the cause.

In this case there was no jurisdiction in the court to proceed, because there was no properly constituted court. The want of jurisdiction to entertain the case appears on the face of the record, and for that reason no conflict was necessary, and the record should be quashed. *Ragland, J.*, concurs in these views.

BLAIR, J. (dissenting).—I dissent to the result reached in the majority opinion on the sole ground that, relator having entered into a solemn stipulation agreeing that Judge McCune should sit as special judge and having raised no objection to his qualifications as such until after respondents had overruled his motion for rehearing, this court should show him no consideration to which he is not clearly and fairly entitled under a strict construction of our rules.

Relator was willing for Judge McCune to sit as special judge and to pass upon the merits of his appeal until the decision was adverse. He should not now be permitted to escape from his stipulation unless no other course is possible without doing violence to the rules of orderly procedure. The rules of this court furnish us with good and

sufficient reasons for refusing to quash the opinion of respondents and we should cheerfully enforce those rules under the circumstances.

Relator is not in a position to urge that the opinion of respondents should be quashed because of alleged conflict with Ladd v. Forsee, 163 Mo. 506, cited and relied upon in the majority opinion, because he did not allege such conflict in his petition for our writ. He cited other cases, which he alleged were contravened by the opinion of respondents upon the merits of the appeal. They have no bearing upon the question of jurisdiction and need not now be noticed.

Rule 34 provides that "no writ of *certiorari* shall be granted to quash the judgment of a court of appeals on the ground that such court has failed or refused to follow the last controlling decision of the Supreme Court, unless . . . the applicant shall, in a petition of not exceeding five pages, concisely set out the issue presented to the Court of Appeals and show wherein and in what manner the alleged conflicting ruling arose, and *shall designate the precise place in our official reports where the controlling decision will be found.*" (Last italics mine.)

The case of Ladd v. Forsee, *supra*, was not cited in the petition. It was cited in the suggestions of the relator, which accompanied his petition, but Rule 34 requires such citation to be in the petition itself. I make no point upon the fact that respondents did not discuss the question of their jurisdiction. They must be held to have decided that they did have jurisdiction, otherwise they would not have undertaken to decide the case upon its merits at all. [State ex rel. Boeving v. Cox (Mo. Sup.), 276 S. W. 869.]

Furthermore, the record discloses that respondents overruled relator's motion for rehearing on February 1, 1926. Our clerk's file mark discloses that relator did not file his petition for our writ of *certiorari* until March 18, 1926. Such petition was therefore filed out of time. See State ex rel. Berkshire v. Ellison, 287 Mo. 654, 230 S. W. 970. We there held that thirty days after the motion for rehearing was overruled in the Court of Appeals was a reasonable time "for aggrieved parties in the courts of appeals to get their application to this court."

This case presents no facts bringing it within the "extreme circumstances" referred to in the Berkshire case which would justify this court in granting a longer time than thirty days for the application for our writ to be made. This is a case where relator should be held to a strict compliance with our rules. His conduct, in stipulating that Judge McCune might sit as a special judge and then repudiating his stipulation when respondents' decision was unfavorable, not only appeals to lawyers and laymen alike as unsportsmanlike, but does not entitle him to the solicitous consideration of this court or justify condonement of his failure to observe our rules. Relator is entitled to nothing more than he can justly demand under

those rules. As he has not brought himself within our rules, we should not make an exception in his favor and go outside of such rules to extend him aid in the predicament in which he finds himself as the result of his solemn stipulation.

Hence, without considering the case on its merits, I am satisfied that relator should be denied relief for want of compliance with our rules, and I dissent to the quashing of the opinion of respondents for the reasons stated in the majority opinion. I have noted that other grounds of conflict are set forth in relator's petition. These have not been considered in the majority opinion. I likewise express no opinion as to the merits of such assignments. *Atwood, J.,* concurs herein.