[No. 3656. Dec. 27, 1930.]

SANDOVAL v. MADRID.

[294 Pac. 631.]

C. N. Higgins, of East Las Vegas, and J. O. Seth, of Santa Fe, for applicant.

Frank Faircloth, of Santa Rosa, for respondent.

## OPINION OF THE COURT

PER CURIAM.

Alfonso Sandoval, defeated on the face of the returns as a candidate for county office at the recent election, filed an application in the office of the clerk of the district court for a recount of the votes in certain specified precincts. The sixth day after the completion of the canvass was Sunday. The application was filed on the following Monday, but, the district judge being absent, it was not actually presented to him until two days later. He made an order pursuant to and in the language of the 1929 Comp. § 41—620, fixing the date for the recount, and directing the county clerk to issue a summons to the election officers. On the day set, Levi Madrid, who on the face of the returns was elected to said office, moved the court to quash the order and dismiss the application on the grounds which will hereinafter be noticed. The motion was sustained. Thereupon Sandoval sued a writ of certiorari out of this court for a review of said action.

The ground upon which the trial court based the quashing of the order and dismissal of the application was that the clerk of the district court, in issuing summons to the election officials, failed to include the clerks of election; it being the court's view that the presence of the clerks was necessary to the recount, and that their absence on the day set was fatal.

For the purposes of this case at least, we act upon the admission of petitioner's counsel that the presence of the clerks is necessary. In State ex rel. Scott v. Helmick, 35 N. M. 219, 294 P. 316, we held that the statutory duties of the district judge in connection with the recount subsequent to making the statutory order for the same were not judicial, and so counsel for respondent contends that he was without power to compel the attendance of the clerks. We are of the opinion, however, that, as a necessary incident of his judicial power to make the order, he had the power to compel its proper execution. If the clerk failed to issue the proper summons for the necessary election officials, it was within the power of the court to direct and compel the issuance of the necessary process to give effect to the order which he had made.

Even if this were not true, it does not follow that the order was properly quashed, or that the court had jurisdiction to entertain a motion to quash it. The recount having been properly ordered, the rights of the petitioner could not be defeated by the mere failure of some official to perform his statutory duty. Adhering to our view in the Scott Case, it was the duty of the district judge at the time in question to proceed with the ministerial duties which the statute imposed upon him rather than to entertain in a judicial capacity a motion to quash the proceedings.

Respondent contends that the application was not seasonably "presented" to the district judge, and that his original order was therefore made without jurisdiction. He points to the language of 1929 Comp. § 41—618, which, read literally, requires such presentation to be made within six days, and places no time limit upon filing the application in the district court. We think, however, that the legislature must have intended that these proceedings should follow the regular course, and that the filing in the district court would precede the presentation to the district judge, and that, the application having been filed in time, jurisdiction was not lost if the applicant proceeded with proper diligence thereafter to present it. The sixth day falling on Sunday, the application was not too late, having been filed on the following day. 1929 Comp. § 139—102, subdivision seventh.

Respondent contends here for the first time that the recount provisions of the Election Code are unconstitutional, in that they prescribe no notice to the party elected on the face of the returns, so that such party may be under the statute deprived of a vested property right without due process. We find no merit in this contention. The recount provisions determine nothing except the present award of the certificate of election. It is but a cog in the machinery to determine the result of the election. There is no more reason why the party should have special notice of it than that he should have special notice of the meeting of the board of county convassers.

Respondent also contends here, although he did not do so previously, that the allegations of the application

were not sufficient to support the order for the recount. The application followed the language of the statute and did not point out any particular fraud or error to be relied upon. Bearing in mind that the purpose of the statute is merely to obtain a correct count, it is clearly immaterial whether the original count if incorrect was erroneous or fraudulent, or from whose error or fraud its incorrectness resulted.

 The bond to secure payments of costs was executed by individuals as sureties. Respondent contends that it was insufficient because the statute (section 41—619) requires a "surety bond." He contends that this expression means one executed by a corporate surety company organized for the purpose of acting as surety and authorized to do business in the state. So to interpret the statute would be to read into it something which the Legislature left out.

We thus find no ground upon which the action of the district judge can be sustained. Except as indicated, jurisdiction over the proceedings had ceased, and he was without power to quash them.

The order to which the writ is directed will accordingly be reversed, and the cause remanded, with directions to set aside the order quashing the proceedings and direct the summoning of the election officers and proceed with the recount, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.

CATRON, J., did not participate.