10 P.(2d) 822

ZAMORA v. ARCHULETA.

No. 3700.

Supreme Court of New Mexico.

April 11, 1932.

Rehearing Denied May 7, 1932.

J. Benson Newell, of Las Cruces, and George R. Craig, of Albuquerque, for appellant.

G. O. Caldwell, of Mountainair and J. Lewis Clark, of Estancia, for appellee.

WATSON, J.

This election contest involves the office of county clerk of Torrance county.

According to the original canvass, Zamora, contestant, appeared to have received 1,633 votes, to 1,613 for Archuleta, contestee. A certificate of election was accordingly awarded to the former. A recount resulted in a gain of 29 votes for contestee. The first certificate was canceled, a new certificate was issued to contestee, and this contest followed.

The claimed illegality of the recount was the sole ground of contest. After hearing, the trial court decided that the proceedings were entirely illegal, and that the original canvass was the proper basis for decision as between the two claimants. Judgment followed for the contestant.

The learned trial judge found:

" * * * As a matter of fact as well as law, that the recount * * * was not had or held on November 24, 1930, but was held and had on the following day, to-wit, November 25, 1930, and the court finds as a matter of fact that November 24, 1930, was the day fixed for such recount by the district judge, and finds as a matter of law that said recount not having been held on the day fixed by the court, the same, and all of the proceedings relating thereto were invalid, and that the election returns resulting from such recount are null and void. And the court finds as a fact that the original official election returns for Torrance County * * * show that at the last general election the contestant, Pedro Zamora, received 1633 votes, and the contestee, Solomon Archuleta, received 1613 votes for the office of county clerk of Torrance County, New Mexico, and that such returns thereby showed that the contestant had received a majority of the votes cast at such election for said office in the number of 20.

"The court finds as a matter of law that said original returns and the figures thereunder are binding upon the court here, and upon the parties to this cause, except in so far as they may be modified under the court's findings in respect to the issues made up

under the new matter set out in the contestee's answer."

At appellant's request, the court specifically found that Judge Owen, who had made the recount order, and all of the election officials except one election judge, were present on November 24th, the date set for the recount; that Judge Owen had not been provided with the judge's keys to the ballot boxes; that said keys did not arrive from Las Cruces until the morning of November 25th, on which date the recount proceeded and was completed. In so finding, the court stated: "That under the court's views the facts so found are of no importance."

This would indicate a theory that the delay in commencing and completing the actual work of recounting the ballots was fatal to the proceeding. Appellee attempts to support such theory, urging that the recount provision of the statute, creates a special proceeding and remedy and is to be strictly construed and followed, and that time is of the essence of the matter; the principal object being to obtain early decision.

That these are not the principles governing the present state of facts seems to us self-evident. This court has always held that the statutory time limits for commencing contests and for filing and serving pleadings are mandatory; that they exclude any judicial discretion to extend them; and that the courts may not even permit a pleading to be amended after expiration of the time for filing and serving it. Such holdings have their support in the evident intent of the statutes to prevent delay and to expedite decision.

But it by no means follows that a necessary delay, not the fault of a party, and not exceeding some time limit specifically set by the statute, should defeat the right or the result. The duties of the judge and of the election officers as to recount proceedings were fully considered in State ex rel. Scott v. Helmick, 35 N. M. 219, 294 P. 316. It was there held that the duty of the judge after making the order setting the time for the recount is ministerial, and that the duty of the election officers is merely to recount and certify, or possibly to refuse to do so. It was pointed out that, according to the statute, if these officials refuse to perform their duties, they are to be mandamused. This in itself demonstrates that the failure of the officials to appear and perform their duties on the day set will not be fatal.

The whole contention seems to be controlled by Sandoval v. Madrid, 35 N. M. 252, 294 P. 631, 632. It was there urged that the failure to summon the clerks of election, and their failure to be present on the day set for the recount, was fatal to the proceeding. We said that "the rights of the petitioner could not be defeated by the mere failure of some official to perform his statutory duty." We said also that "as a necessary incident of his [the court's] judicial power to make the order, he had the power to compel its proper execution." And, finally, in disposing of the case, we remanded it with a direction to summon the necessary elec-

tion officers and to proceed with the recount. We thought those principles too plain to require argument or authority in their support. We still think so. If Judge Owen had attempted to dismiss the proceeding because of lack of keys to open the ballot boxes, the same result must have followed as in the Sandoval-Madrid Case.

So we conclude that, upon the findings above stated, the recount must be held to have been a valid proceeding. The matter does not rest here, however. Appellee contends that the court erred against him in overruling before trial his motion for judgment on the pleadings, and that such error will save his judgment under N. M. App. Proc., rule XV, § 2.

Here we encounter a peculiar situation. It seems from a view of the whole record that the special findings made at appellant's request are not really findings. They were made on evidence rejected by the court as inadmissible under the pleadings, and were made merely to enable this court, if it should disagree with the trial court as to the admissibility of the evidence, to enter final judgment and end the litigation.

We are thus asked, after the main battle is over, to go back and decide the result upon the preliminary skirmishing. The propriety of this may be doubtful, but we do not pause to consider the question, since the result will be the same.

The claimed error in overruling the motion for judgment on the pleadings rests upon the proposition that a material allegation of the notice was not specifically denied, should have been taken as true (1929 Comp. § 41-606), and, thus taken, is conclusive of the invalidity of the recount proceedings.

The allegation in question is "that no recount was had on the day and at the time and place set by said district judge in said court order, but an alleged recount proceeding was had at a later date. * * *" The questioned denial is: "Answering paragraph 5 of contestee's notice of contest (wherein the allegation in question occurs), contestee denies each and every allegation therein contained, and alleges that a recount was had as prescribed by the laws of the State of New Mexico. * * *"

We are compelled to agree with appellee that this is not a specific denial. Disregarding the generality, it seems rather to be an admission that the recount did not take place on the appointed day, coupled perhaps with the claim that it was nevertheless legal.

But in the answer appellant claimed that the allegation did not constitute a ground for holding the recount proceedings void, and on that ground moved to dismiss the notice of contest. This also was overruled, and the correctness of that ruling is necessarily involved in determining whether the court erred upon appellee's motion.

Ruling upon these two motions simultaneously, the court announced, as his theory of the pleadings, that the allegation did constitute a sufficient attack upon the validity of the recount proceedings; that it was specifically denied; and that, while it put in

issue the question whether the recount was held on the day appointed or on a later date, it would not admit of the proof afterward tendered and rejected, and upon which the court based the specific findings made at appellant's request.

In explanation of these rulings, the theory was announced that, while there might be circumstances reasonably justifying delay or postponement of a recount proceeding, the unexplained fact that it was held on a date later than that appointed was, prima facie, fatal to validity; that if appellant relied upon some reasonable explanation for the delay, the burden of proof was upon him, and it was his duty to plead it; and that, having merely denied the allegation, he could not by proof confess and avoid it.

Even if the court had been right in holding that the allegation was specifically denied, he would still, we think, have been wrong in excluding the evidence. It did not, in our opinion, tend to show that the recount was not held on the appointed date. Since the judge and the several election officials assembled on that date, and were merely delayed in the work by the necessity of sending for the keys, we think that in legal contemplation the recount did take place upon that date.

However, as we have said above, we do not consider that the allegation was specifically denied. The real unsoundness in the ruling of the court, and in appellee's position, is in considering the allegation as stating any ground for holding the recount proceedings invalid. The notice in substance alleged that appellant had applied for and obtained an order for a recount to take place on November 24th; that the recount did not take place on that date, but that an alleged recount was had on a later date, resulting in a gain of 29 votes for appellant, which result was by the election officials certified to the board of county commissioners, and, pursuant to and by virtue of which, said board canceled the certificate of election theretofore issued to appellee, and issued a new certificate of election to appellant.

We think it plain that these proceedings, participated and acquiesced in by numerous ministerial officers, were entitled to a presumption of regularity. 22 C. J. 130. If so, and if as we have already found, and as the trial court expressly admitted, it is not necessarily fatal to such proceedings to have been actually held on a later date than that designated, it follows that the allegation of the notice was not sufficient as a claim of illegality, and that the court erred in failing to sustain appellant's motion to dismiss that ground of the contest.

It results therefore that, whether we consider this case upon the merits or upon the pleadings, the judgment is erroneous and should be for appellant instead of appellee.

Other matters discussed in the briefs need not be considered, since they would not affect the result.

The judgment should be reversed and the cause should be remanded, with direction to

render judgment for appellant. It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.