63 P.(2d) 1039

**STATE ex rel. ROMERO v. ARMIJO.**

No. 4273.

Supreme Court of New Mexico.

Dec. 24, 1936.

· M. E. Noble, of Las Vegas, and E. R. Cooper, of Mora, for relator.

H. E. Blattman, of Las Vegas, for respondent.

SADLER, Chief Justice.

At the general election held on November 3, 1936, Roman A. Romero, one of the relators herein, and Jose D. Medina were rival candidates for the office of county commissioner for district 3 in Mora county, New Mex. Relator, appearing upon the face of the returns to have received a majority of· the votes cast and canvassed, was issued a certificate of election by the county canvassing board. Thereupon, and within the time provided by law, the said Medina filed with the district clerk of Mora county his petition for a recount of the ballots cast and canvassed in precinct No. 9 of said county.

The petition was presented by the said Medina to respondent, as judge of the Fourth judicial district embracing Mora county, who signed an order fixing November· 21, 1936, at 10 o'clock a. m., at the county courthouse in Mora, New Mex., as the time and place for conducting said recount and directed the summoning of the officials designated by statute in connection therewith and the giving of notice to the county chairmen of the dominant political parties.

Thereupon, B. F. Cruz, county chairman of Mora county for one of the dominant political parties, a relator herein, and one of the parties whom the statute required to be noticed in connection with such recount, appeared and filed an affidavit seeking the disqualification of respondent pursuant to Laws 1933, c. 184, upon the ground that he could not, according to the belief of affiant, preside impartially in said proceeding. Respondent having announced in open court that he considered said affidavit ineffective and that he would disregard the same, the relators filed in this court their petition for an alternative writ of prohibition. The writ was duly granted, restraining respondent from further proceeding in said cause and commanding him to show cause herein why said writ should not be made permanent. The· matter is now before us upon said

petition and respondent's amended answer. No facts are in dispute and we are called upon to decide only legal questions arising on the admitted facts.

Respondent's first important challenge to sufficiency of the affidavit of disqualification questions applicability of the statute, Laws 1933, c. 184, to a proceeding of this kind. It is pointed out that the statute authorizes the filing of such affidavits only in "actions or proceedings, civil or criminal," and then asserted that a recount proceeding is neither. We are spared the necessity of deciding the nice question upon which this contention rests. For, whether an "action or proceeding, * * * civil or criminal," the 1935 amendments to the election code, Laws 1935, c. 147, § 52, specifically declare the provisions of Laws 1933, c. 184 (mistakenly designated chapter 84, but otherwise clearly identified), shall be applicable to such a proceeding as this. The sole challenge to the sufficiency of this legislative mandate lies in a contention advanced in oral argument, but not set up in the amended answer, that the title to chapter 147, Laws 1935, is not broad enough to cover the declared applicability of Laws 1933, c. 184, to proceedings under the election code. We find this contention to be without merit.

It is next urged upon us that a recount proceeding does not involve the exercise by respondent of any judicial function; that the duties of respondent as defined by 1929 Comp., § 41-620, relating to recount proceedings are purely ministerial. At least, it is argued that the only portion of said proceeding which in any view can be deemed to involve an exercise of judicial functions, viz., the passing upon sufficiency of the petition for recount and approval of the bond, already had been performed when the affidavit of disqualification was filed; that all acts remaining to be done being purely of a ministerial character, the statute is inapplicable.

In the case of State v. Helmick, 35 N. M. 219, 294 P. 316, we held that the duties of the district judge in such a proceeding are largely ministerial. He must be present at the recount or be there represented by some one designated by him. In his capacity as observer, although his duties are by no means unimportant, they are nevertheless ministerial as we heretofore have held in State v. Helmick, supra. If such duties were judicial, the judge could not delegate another person to act for him.

Notwithstanding our holding in the Helmick Case that the duties of the judge in such proceedings are largely ministerial, we also held in that very case that he exercises a judicial function in testing the sufficiency of the petition for recount to see that it contains jurisdictional allegations warranting an order summoning the election officials and directing a recount.

What then is the effect of an affidavit of disqualification filed in the case after the judge already has tested sufficiency of the petition for recount by sign-

ing an order directing same and fixing the time and place therefor? If the affidavit be then filed by a party at whose procurement the judge has signed such an order, it is filed too late as we have just held in State ex rel. Gandert et al. v. Armijo, 41 N.M. 38, 63 P.(2d) 1037, this day decided.

The present case is distinguishable from that one. The present affidavit was not filed by the party procuring the order for recount. It was filed by B. F. Cruz, as county chairman of one of the dominant political parties, who appeared for the first time in the case. He is one of the parties required by the statute to be served with notice of the order for the recount.

If the disqualification statute is applicable at all to this kind of proceeding (and we have just held it applicable to so much thereof as involves an exercise of judicial discretion by respondent), the question then arises whether a party otherwise entitled to avail himself of the statute is to be denied such right by the ex parte procural of an order for the recount. We hold that he is not.

But, it may be asked, to what purpose is the statute invoked if, as a fact, when the affidavit is filed the judge already has performed every act of a judicial nature which he can be called upon to perform? The answer is that he has not done so. Unless the person or persons adversely interested by the proceeding, whoever he or they may be, are to be taken as admitting both timeliness and sufficiency of the petition for recount, their first opportunity to challenge either comes with notice of the proceeding. This they might do by motion to set aside the order directing the recount. In passing thereon, the judge would be called upon to perform a judicial act just as truly as in deciding such questions in the first instance. The right so to move and thus invoke judicial discretion is decisive of the statute's applicability.

Furthermore, the question arises whether the respondent, aside from what has just been said, even yet does not have a judicial act to perform, if he should so elect. The statute does not compel his actual presence at the recount. He is authorized to name another person to act for him. While the opinion in State v. Helmick makes the broad statement that with the signing of the order for recount the jurisdiction of the district court or judge ceases, the question whether the selection and designation of another person to represent him at the recount constitutes a judicial act was not presented. If held so to be, such conclusion would but afford additional proof of a timely filing of the affidavit to disqualify. Satisfied, as we are, with the conclusion of timeliness already announced, we do not resolve this question.

It follows that the affidavit in this case was timely filed, unless for some other reason it is ineffective. This brings us

to the contention that B. F. Cruz who filed the affidavit was not entitled to do so. The affidavit recites that he is county chairman of one of the dominant political parties. The statute requires service of notice of the proceeding upon him. It does not require service of notice upon the candidate opposing him who seeks the recount. Constitutionality of the recount sections of the election code was assailed in Sandoval v. Madrid, 35 N.M. 252, 294 P. 631, upon the very ground that notice to the opposing candidate was not required, but the contention was overruled. Unquestionably, the Legislature had some purpose in requiring notice to the county chairmen of the two dominant political parties. It must have felt that their interest in the success of their respective party's candidates was calculated to secure a proper representation and safeguard of such candidates' interests at the recount. We are constrained to hold that affiant, in his capacity as county chairman aforesaid, was entitled to file the affidavit. This conclusion disposes of the further contention that the said Cruz was without right to appear as one of the relators in this proceeding.

It follows from what has been said that the alternative writ of prohibition heretofore issued herein should be made permanent, and it is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.