[No. 2949, Jan. 20, 1927]

FIRST STATE BANK OF ALAMOGORDO (BORDER NAT. BANK OF EL PASO, TEX., Intervener)

v. McNEW et al.

[252 Pac. 997]

SYLLABUS BY THE COURT

1. Where it appears that the bill of exceptions was settled, it will be presumed, in the absence of a contrary

---

[1] 4CJ p. 792 n. 37. 38.  [2] 4CJ p. 792 n. 38.  [3] 4CJ p. 792 n. 38. [4] 4CJ p. 251 n. 48.

showing, that the settlement was regular, and that the judge who signed and settled the bill had the requisite authority to do so.

2. When a judge signs a bill of exceptions as a judge of a district court, there is a presumption in favor of the regularity thereof, and, until otherwise shown, it will be presumed that the judge signing the bill of exceptions was in point of fact the judge of the court in which the case was tried, and therefore was the proper judge to sign the same.

3. The movant was given notice of the intention of the appellants to apply to District Judge Owen to have him sign, seal, and settle the bill of exceptions, and made no objection thereto. If such judge was unauthorized, movant could have gotten the record amended in the court below. The appellee had the right to waive a more specific showing as to the authority of Judge Owen. Such circumstances strengthen the presumption alluded to.

Appeal from District Court, Otero County; Owen, Judge.

Action by First State Bank of Alamogordo against Robert J. McNew and others, in which the Border National Bank of El Paso, Tex., intervened. From an adverse judgment, defendants appeal. The intervener moves to strike the bill of exceptions. Motion overruled.

Tom Lea, of El Paso, Tex., Holt & Sutherland, of Las Cruces, and J. Benson Newell, of Alamorgordo, for appelants.

J. L. Lawson, of Alamogordo, and W. H. Winter, of El Paso, Tex., for appellee.

OPINION OF THE COURT

BICKLEY, J.   [1] The intervener and appellee has filed a motion to strike the bill of exceptions in this case. The ground of the motion is that said bill of exceptions was not certified to by the judge of the Third judicial district, the said judge being the judge of the Third judicial district court in and for Otero county, in which court this cause was tried. It appears from the transcript of record that Harry P. Owen, judge of the Seventh judicial district, presided at the trial of this cause at the request of the judge

of the Third judicial district of New Mexico. Similar recitals continue throughout the record, including the order settling the bill of exceptions, in which order appears the following language, to wit:

"Now, therefore, I, Harry P. Owen, judge of the Seventh judicial district court of the state of New Mexico, do hereby certify that I am the judge before whom the above-entitled cause was tried, at the request of Hon. Edwin Mechem, judge of the Third judicial district court of the state of New Mexico."

The said order or certificate was signed as follows:

"Harry P. Owen, judge of the Seventh judicial district sitting for and at the request of Hon. Edwin Mechem, judge of the Third judicial district court of the state of New Mexico."

The bill of exceptions was signed and sealed on March 26, 1924. Said bill of exceptions was filed in the office of the county clerk of Otero county, ex-officio clerk of the district court of the Third judicial district of the state of New Mexico within and for said Otero county on April 1, 1924. A transcript containing the bill of exceptions was filed in the Supreme Court on April 5, 1924. Appellants' brief was filed June 16, 1924, and appellee's brief was filed March 23, 1925, and intervener's and appellee's brief was filed May 15, 1925. The motion of intervener to strike the bill of exceptions was filed January 15, 1926.

Movant relies upon Schaefer v. Whitson, 31, N. M. 96, 241 P. 31. In that case Judge Ryan of the Sixth judicial district, sitting for and in the place of Judge Hickey of the Second district, presided at the trial of the cause. Appellant presented his proposed bill of exceptions to Judge Helmick, successor to Judge Hickey. The appellee appeared and objected upon the ground, among others, that the judge who tried the c se, Judge Ryan, was the proper judge to sign and seal the bill of exceptions, and not Judge Helmick, who was the successor of the regular judge of the court in which the case was tried. Judge Helmick overruled appellee's objections, and decided adversely to appellee, who then and there objected to the decision of the court. In that case we sustained the au-

thority of Judge Helmick to sign the bill of exceptions and overruled the motion to strike the same.

In the case at bar no objections were made by intervener and appellee, nor any one else, to the signing and sealing of the bill of exceptions by Judge Owen. The judge's certificate attached to the bill of exceptions recites:

"And the said defendants submit to be settled, signed and sealed by me the bill of exceptions in the above-entitled cause; and, it appearing that due and proper notice was given to the plaintiff and intervener of their intention to apply to the undersigned for the purpose of having me sign, seal, and settle the bill of exceptions in this cause at this time and place, and that there is no objection thereto on the part of the plaintiff and intervener: Now, therefore," etc.

As we said in Schaefer v. Whitson, supra, expressions even of our own court vary as to whether the judge who tried the case is the only one who is properly circumstanced to settle a bill of exceptions. We said that the Legislature had laid down the rule that the bill of exceptions should be presented to "the judge of the court in which said cause was tried, to have the judge of said court sign, and seal the same in proper form, as a bill of exceptions." Laws 1917, c. 43, § 27. The duty of settling a bill of exceptions is in order that it may express the truth. There is nothing inherently wrong or inefficient in having the bill of exceptions signed and sealed by the judge who tried the case, and many members of the bar think that it would be better so, and this court in early decisions prior to Ravany v. Equit., etc., Soc., 26 N. M. 41, 188 P. 1108, expressed the opinion that the trial judge was better situated than any other judge to settle bills of exceptions. In the Ravany Case it was said this is not necessarily true. We have seen in the Ravany Case that the Chief Justice, under certain circumstances, may appoint the judge of a district other than the one in which the cause was tried, to sign the bill of exceptions. Such judge becomes for the time being the judge of the district court in which the cause was tried for the purposes of performing the judicial acts

embraced in the authorization.

In Schaefer v. Whitson, supra, we said:

"We reaffirm the doctrine of the Ravany Case, and we hold that the judge of the court in which the case was tried, and not the judge specifically appointed to hold court for the regular judge. is the only proper one to settle and sign the bill of exceptions, unless the regular judge for some reason be incapacitated to perform that duty.

"In the Ravany Case, we construed the language of section 15 of article 6 of the Constitution to mean, not only that the judge designated could hold court in any district, but that he could be designated to 'do any other official act,' and in that case a judge was designated to perform the single judicial act of settling and signing a bill of exceptions."

[4] In the same section of the Constitution (section 15, art. 6), it is declared:

"Any district judge may hold district court in any county at the request of the judge of such district."

We hold that the power of the resident district judge to designate the judge of another district to hold district court in a county of a district of the resident judge thereof includes the power of designation to perform any judicial act, including the signing and sealing of a bill of exceptions.

[1] There may on occasions arise controversies as to the fact of such designation of such judge pro tem. or as to the extent and scope of the authority vested in such judge pro tem. by the designation, and the evidence thereof, or as to whether the authority vested had been rescinded, etc. These are questions which must be determined from the record, and, where the record shows that the bill of exceptions was signed and sealed by a judge of a district court assuming to act on authority, and the record does not affirmatively show lack of authority in a case where the bill was settled on notice and without objection, we will presume that such authority existed. In 4 C. J., Appeal and Error, § 2748, it is said:

"Where it appears that the bill of exceptions, case, or statement of facts was settled, it will be presumed, in the

absence of a contrary showing, that the settlement was regular and that the judge or other person who signed and approved the bill, case, or statement had the requisite authority to do so."

[2] Additional cases are cited in the annotations to the foregoing text, among them being Husbands v. St. Louis Elec. Term. Ry. Co. (Mo. App.) 196 S. W. 78, wherein the court said:

.   "When a judge signs a bill of exceptions as a judge of a circuit court, there is a presumption in favor of the regularity thereof, and until otherwise shown it will be presumed that the judge signing the bill of exceptions was in point of fact the judge of the court in which the case had been tried, and therefore was the proper judge to sign same."

We do not wish to plant thorns in the pathway of an appeal, and we will not presume a state of case which will invalidate the record. But rather will we presume in favor of the record that a competent district judge signed and sealed the bill of exceptions.

[3] The only ground of the motion to strike is:

"That the said bill of exceptions, incorporated into the record herein, and appearing as a part of the transcript on this appeal, is not and was not certified to by the judge of the Third judicial district, the said judge being the judge of the Third judicial district court in and for Otero county in which court this cause was tried."

We will take judicial notice of the fact that Hon. Harry P. Owens is the elected resident judge of the Seventh judicial district, and that he is not the elected resident judge of the Third judicial district. It does not appear, however, from the motion that some of the circumstances which would authorize a judge other than the elected and resident judge of the district in which the cause was tried to sign and seal the bill of exceptions did not in fact exist.    The intervener and appellee was given notice of the intention of the appellants to apply to Harry P. Owen, district judge, to have him sign, seal and settle the bill of exceptions, and made no objection thereto. If such judge was unauthorized, appellee could have gotten the record amended in the court below.    The appellee had the right to waive a more specific showing as to the

authority of Judge Owen, and consent that he sign and seal the bill. Such circumstances strengthen the presumption heretofore alluded to.

For the reasons stated, the motion to strike the bill of exceptions is overruled.

PARKER, C. J., and WATSON, J., Concur.