144 P.2d 175

**CHAVEZ et al. v. BACA et al.**

**No. 4779.**

Supreme Court of New Mexico.

Dec. 18, 1943.

Claron E. Waggoner, of Socorro, and Harold O. Waggoner, of Albuquerque, for appellants.

Fred E. Wilson and Louis C. Lujan, both of Albuquerque, for appellees.

THREET, Justice.

Appellants, Gregorio U. Chavez and E. G. Sanchez, were candidates, respectively, for the office of county commissioner of districts Nos. 1 and 2 in Socorro County, New Mexico, at the general election held November 3rd, 1942. Certificates of election having been issued to the opposing candidates following the official canvass by the County Commissioners, sitting as the County Canvassing Board, the appellants seasonably filed a petition for a recount of the votes cast and canvassed for such offices in precincts 5, 28 and 31 of Socorro County. The petition was duly presented to the Honorable Eugene D. Lujan, Judge of the Seventh Judicial District, within and for Socorro County, New Mexico, who, finding the petition filed in accordance with the mandate of the statute, signed and caused to be entered an order in the proceedings fixing the 4th day of December, 1942, at 10 o'clock in the forenoon, at the County Court House at Socorro, New Mexico, as the time and place for holding said recount.

Following the order for a recount, the District Judge, Honorable Eugene D. Lujan, appointed Filo M. Sedillo, an attorney at law, to act for him and be present at the recount so ordered to be held.

Pursuant to these proceedings, the election officials of the several precincts, the county clerk of Socorro County and Filo M. Sedillo, acting for the District Judge, met at Socorro, New Mexico, on the day appointed and proceeded to recount the ballots in precinct No. 31. The keys in possession of Filo M. Sedillo, acting for the District Judge, and those in the possession of the county clerk, failed to unlock the ballot boxes of precincts Nos. 5 and 28, and no recount was conducted of these two precincts; whereupon the meeting was adjourned and the election officials of precinct 31 duly filed their report certifying the results of the recount with the Board of County Commissioners.

On the 11th day of December, 1942, appellants, as petitioners, filed their petition in the District Court of Socorro County, New Mexico, for a writ of mandate against the respondents, appellees herein. The Honorable Eugene D. Lujan, being disqualified by the affidavit of Gregorio U. Chavez, one of the appellants, the Honorable Henry G. Coors, Judge of the Second Judicial District, (First Division), was designated to preside and try this cause. Pursuant to his designation, the Honorable Henry G. Coors, made and entered an order that an alternative writ of mandamus issue against appellees returnable on the 30th day of December, 1942. On the 29th day of December, 1942, the Honorable Henry G. Coors made and entered an order in the cause, which he had been designated to try, disqualifying himself and withdrawing from the case. On the same day the Honorable Albert R. Kool, Judge of the Second Judical District of the State of New Mexico, (Second Division) was designated as the presiding judge to try and determine all matters in connection with this cause.

Following the designation of the Honorable Albert R. Kool, an amended petition for a writ of mandate was filed by appellants against appellees and on the 30th day of December, 1942, an order was issued granting an alternative writ of mandamus, returnable on the 11th day of January, 1943, at 10 o'clock in the forenoon of the said day.

On the return day of the alternative writ, appellees, F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides and Filo M. Sedillo, filed their separate answers and legal exceptions to the alternative writ.

The alternative writ in mandamus is as follows:

"State of New Mexico, to:

"Arcenio Baca; Salomon B. Griego; F. B. Baca; Mrs. Filiberto Griego; Willie G. Romero; Porfirio B. Cordova; Emiliana Barela; Ernest Peralta; Ramoncita Peralta; Luis T. Garcia; Pedro Garcia; Eustacio O. Chavez; David A. Garcia; Miss Adela Benavidez; Miss Lucila Garcia and Filo M. Sedillo,

"Greetings:

"Whereas, it manifestly appears to the Court, by the verified Petition of Gregorio U. Chavez and E. J. Sanchez, the parties beneficially interested herein and Claron E. Waggoner, one of the Attorneys for the Petitioners, that the Petitioners were candidates for the office of County Commissioners of Socorro County, New Mexico, in the general election held on November 3rd., 1942, and upon the counting and tallying of the ballots of said Socorro County, New Mexico, and the canvass of the certificates of the election judges of said Socorro County, New Mexico, the Petitioners were held not to have polled the majority as to each of them in the election for the County Commissioners of Socorro County, New Mexico. That thereafter, application was made to the District Court of Socorro County, New Mexico, under cause No. 10—795, for a recount of certain Precinct

ballot boxes of said county and state and an Order was issued by said District Court on the 28th day of November, 1942, commanding that a recount be made and had of the votes cast in the election of November 3rd., 1942, in Precincts No. 5 and 28 and 31. That a recount was duly held on the 4th day of December, 1942, and the election officials of Precinct No. 31, duly recounted and certified the results of said precinct, but that you, the officials, respectfully, of Precinct Nos. 5 and 28 have not caused said recount to be made and that you, Filo M. Sedillo, the duly appointed Representative of the Judge of the Seventh Judicial District for Socorro County, New Mexico, refused to open said ballot boxes such that a recount could be made and,

"Whereas, pursuant to the law in such cases made and provided, Petitioners are entitled to have the ballots cast in Precincts No. 5 and 28 of Socorro County, New Mexico, recounted, retallied, and recanvassed and that they have no plain, speedy or adequate remedy in the ordinary course of the law.

"Therefore, the Court does command you, respectively in the Precincts in which you are election judges, clerks and officials, that immediately after receipt of this Alternative Writ of Mandamus, you do recount, and retally said ballots of Precincts Nos. 5 and 28 of Socorro County, New Mexico, that were cast in the election held on November 3rd., 1942, and that you, Filo M. Sedillo do assist in opening said boxes, such that the same can be re-counted and that you then and there return this Writ, with your certificate of having done as you are commanded, or show cause before this Court in the Courtroom at Albuquerque, Bernalillo County, at the hour of Ten (10:00) A. M., in the forenoon on the 11th day of January, 1942, why you have not done so.

"Witness the Honorable Albert R. Kool, Judge of the District Court, Second Judicial District, sitting by designation of the Supreme Court of the State of New Mexico, for the Honorable Eugene D. Lujan, this 30th day of December, 1942.

"(Seal)                    Flavio Romero
                                "Clerk

"Endorsement:

"The Court finds that the above alternative Writ be and it is hereby allowed and Ordered issued and that the return day thereof shall be the 11 day of January, 1943, at the hour of Ten (10:00) A. M. in the forenoon, and that a copy of this Writ be served on each of the Respondents in the manner provided by Law, for the service of summons in civil action.

"Dated this 30 day of December, 1942.
                    "Albert R. Kool
                    "District Judge
"Filed Jan. 11, 1943."

The separate answer and legal exceptions of the appellees F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides is in substance as follows: That the writ does not state facts sufficient to state a

cause of action in mandamus, for the following reasons:

"a. It does not state concisely the facts showing the obligation of respondents to perform any act, nor their omission to perform it.

"b. There are no allegations in the Alternative Writ showing what act or acts the law specifically enjoins as a duty upon the respondents or any of them, resulting from an office, trust or station.

"c. It is not shown by said Alternative Writ that all of the election officials of Precincts 5 and 28 who are required by law to participate in a recount proceeding have been made parties to this cause, nor that they are available for the purpose of participating in a recount, should one be ordered. ·

"Subject to the above legal exceptions and without waiving any of them going to the sufficiency of the Alternative Writ herein, respondents deny each and every allegation set forth in said Alternative Writ."

The appellee, Filo M. Sedillo, filed his separate answer and legal exceptions to the alternative writ, and in addition to the legal exceptions pleaded by the other appellees, hereinabove set forth, he pleaded further as follows:

"That said Writ does not allege or show what duties were imposed by law upon respondent on the day mentioned in the writ, when some recount was supposed to have been made, and there is no allegation of fact made in said writ which indicates or shows what duties said appointment imposed upon respondent in the future should this court order him to continue to act as the representative of the Judge of the Seventh Judicial District of Socorro County.

"Respondent states that as a matter of law his duties as a representative of the Judge of the Seventh Judicial District for Socorro County, New Mexico, pursuant to the order of the District Court in cause No. 10,795, was to be present on the date fixed for said recount and to certify to the District Judge that he was present so that the Judge in turn could certify that a representative was present at such recount; that said appointment was personal and expired on the day he was appointed to represent said Judge; that as a matter of law, of which the court will take judicial notice, the term of office of said Eugene D. Lujan, expired on January 1st, 1943, and as his representative your respondent would have no power, duty or authority to continue to represent said Judge."

The cause came on for hearing upon the alternative writ and the separate answers and legal exceptions thereto, before the Honorable Albert R. Kool, who sustained appellee's legal exceptions and discharged the writ.

Appellants appeal to this court from the order discharging the alternative writ and assigned error as follows:

"The court erred in sustaining the legal exceptions set forth in the separate answer

of Filo Sedillo and the separate answer of F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides and discharging the Alternative Writ of Mandamus.

"The court erred in discharging the Alternative Writ of Mandamus and sustaining the legal exceptions set forth in the separate answer of F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides, wherein it is stated that the said Writ did not state facts sufficient to state a cause of action in Mandamus on the grounds that it did not state concisely the facts showing the obligation of Respondents to perform any act or their omission to perform any act.

"The court erred in discharging the Alternative Writ of Mandamus and sustaining the legal exceptions set forth in the separate Answer of F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides, wherein it is stated that the said Writ did not state facts sufficient to state a cause of action in Mandamus on the grounds that there are no allegations in the Alternative Writ, showing what act or acts the Law specifically enjoins as a duty upon Respondents or any of them, resulting from an office, trust or station.

"The court erred in discharging the Alternative Writ of Mandamus and sustaining the legal exceptions set forth in the separate Answer of F. B. Baca, Willie G. Romero, Ernest Peralta, Luis T. Garcia, David A. Garcia and Miss Adela Benavides, wherein it is stated that the said Writ did not state facts sufficient to state a cause of action in Mandamus on the grounds that it is not shown by said Alternative Writ that all of the election officials of Precincts Five (5) and Twenty-eight (28), who are required by law to participate in a recount proceeding, have been made parties to this cause, nor that they are available for the purpose of participating in a recount, should one be ordered.

"The court erred in failing and refusing to permit Petitioners and Respondents to be heard and to submit evidence and testimony on said Alternative Writ, as said Writ stated concisely the facts showing the obligation on behalf of the Respondents to perform an act required by law and their omission to perform it."

Appellants request, since all assignments of error are so closely interlocked and related, that they be considered and disposed of together.

The controlling question here, and one decisive of this case, is the lack of indispensable parties before the court in order to make the action of the court, if the alternative writ was made permanent, effective.

The statutes pertinent to this question are:

1941 Comp., Sec. 56-618: "Whenever any candidate for any county office or any office for which the board of county commissioners sitting as a county board of can-

vassers issues a certificate of election shall have reason to believe that error or fraud has been committed by the election officers of any precinct or election district in counting or tallying the ballots or certifying the results of any election whereby the result of the election in such precinct or election district has not been correctly determined, declared or certified, such candidate may within six (6) days after the completion of the canvass by the board of county commissioners sitting as a county board of canvassers apply to the district judge for the county for a recount of the votes cast at such election. Said application shall be filed in the district court for the county in which such candidate resides."

1941 Comp., Sec. 56-620:

"Immediately upon the filing of the application for recount, the district judge shall by order fix the place and date of such recount, which date shall not be more than ten (10) days after the filing of the application and shall direct the county clerk to issue a summons to the election officers of the precinct or election district complained of, commanding them to attend at the time and place fixed by said order and make such recount. Such summons shall be forthwith served by the sheriff upon each of said election officers in person. The county clerk shall notify the county chairman of each of the dominant political parties in the county of the date and place fixed for such recount. Such notice shall be by registered mail. The election officers, district judge and county clerk shall meet at the court-house of the county at ten o'clock A. M., on the date set. The ballot boxes of the precincts or election districts involved in said recount shall be opened and the election officers shall recanvass, recount and retally the ballots as to the office in question in the presence of the district judge or some person delegated by said judge to act for him, and of the county clerk and of any other person who may desire to be present.

"After completion of such recount, the election officers shall certify to the board of county commissioners the result of such recount. The district judge and county clerk shall certify that such recount was made in their presence. At such recount, the election officers shall recanvass and recount only the ballots which the judges accepted and placed in the ballot box as legal ballots at the time they were cast and shall not inspect or disclose the number on any ballot."

1941 Comp., Sec. 56-623, relating to recount of ballots in election of District Judges, reads: "In the event the judge of the district court for the county, or any judge designated in his place can not be present at any recount on the day set, he shall appoint a member of the bar to act for him."

1941 Comp., Sec. 56-624: "If the state canvassing board or the county canvassing board or any election officer or officers shall fail or refuse to do or perform any of the acts in regard to such recount required of them by the provisions hereof,

the applicant for recount may apply to any court in the state for writ of mandamus to compel such performance and such court shall entertain such application."

■ 1941 Comp., Sec. 56-620, supra, provides who shall be present at the recount of the ballots. They are: The election officials, the District Judge, or some person appointed to act for him, and the county clerk. Each has a specific duty to perform. The election officials shall recanvass, recount and retally the ballots and certify the results of the recount to the Board of County Commissioners. The District Judge, or his representative, and the County Clerk must certify that the recount was made in their presence. There is another reason for the presence of the District Judge, or his representative, and the County Clerk. They are the custodians of the keys to the ballot boxes. 1941 Comp., Sec. 56-341, provides that after the ballots have been counted and tallied upon the closing of the polls, the counted ballots, spoiled ballots and the ballots rejected shall be placed in the ballot box, which shall be securely locked with two padlocks. 1941 Comp., Sec. 56-344, provides that the keys to the ballot box shall be delivered, one to the District Judge, and the other to the County Clerk. 1941 Comp., Sec. 56-520, makes it a criminal offense for any one, not authorized by law, to have in his possession any key to a ballot box. Under the terms of the statute, the presence of the District Judge, or his representative, and the County Clerk is necessary to the holding and conducting of a recount.

Appellees argue that since the County Clerk and the District Judge, or his representative, were not made parties to the action, and their presence, as parties respondent, being indispensable to the entry of an enforceable order making the alternative writ of mandamus permanent, the trial court did not err in discharging the writ. That any order entered by the trial court, making the alternative writ of mandamus permanent, would have been vain, useless and impossible of performance, as depending upon the will of a third party, not before the court, to make it effective. If appellees' position is correct, it will be decisive of this cause.

It will be observed from the record that the County Clerk was not made a party respondent. Appellee, Filo M. Sedillo, was made a party respondent as the representative of the District Judge. It will be further observed that, between the date of the issuance of the alternative writ of mandamus and the return day thereof, which was on the 11th day of January, 1943, the term of office of the Honorable Eugene D. Lujan, as District Judge, had expired, and his successor, the Honorable Charles H. Fowler, had qualified and taken over the duties of the office of District Judge of the Seventh Judicial District, within and for Socorro County.

Appellee, Filo M. Sedillo, argues that his appointment to act for Judge Lujan, being ministerial, he became the personal representative of Judge Lujan, and not an officer of the court, and that his duty and au-

thority to be present at any recount of the ballots ceased at the time the District Judge, for whom he was acting, retired from office.

In State ex rel. Scott v. Helmick, 35 N. M. 219, 294 P. 316, 320, we said:

"However, after the order of recount is made, the statute confers no further functions on the district judge than to be present when the ballot box is opened, and to certify that such recount was made in his presence. These are not duties calling for the exercise of judicial discretion; they are merely ministerial in their nature. * * * It is manifest from the foregoing that the legislature contemplated that upon the district court ordering a recount of votes, its judicial functions and jurisdiction ceased, and that if any election officer refused to comply with the order of recount, or perform the statutory duties in connection with a recount, a separate proceeding was to be commenced by mandamus in some court, which would compel the compliance with the statute. This is inconsistent with and repugnant to any contention that the district court or judge had jurisdiction throughout the entire recount to proceed in a summary manner, as it did in two instances in the case at bar. * * *

"We must, therefore, hold that the jurisdiction of the district court or judge ceased upon the ordering of the recount, and that under the statute it becomes mandatory upon him to certify that the recount was had in his presence, or in the presence of his representative, if such be the fact."

The judicial functions and jurisdiction of the Seventh Judicial District Court were not in operation in the case at bar after the entry of the order granting the recount. Cf. State ex rel. Romero v. Armijo, 41 N.M. 40, 63 P.2d 1039. In any event, the appointment of Filo M. Sedillo by then Judge Lujan was personal—a ministerial act—and not the exercise of a judicial function.

1941 Comp., Sec. 56-620, supra, compels the District Judge, in person, or through his representative, to be present at the recount. 1941 Comp., Sec. 56-623, supra, provides in an analogous situation that if he is unable to attend he shall appoint a member of the bar to act for him. While the statute imposes the duty upon the District Judge to be present at the recount, either in person, or by a representative, it does not restrict his appointment of a substitute to act for him, other than to confine the selection to a person who is a member of the bar where the recount relates to the office of District Judge. The appointment of an attorney to act for him was a personal responsibility of the Judge, delegated to him by the legislature. The exercise of this privilege was naturally based upon the faith and confidence the judge had in the party so selected. His sole duty was to act for the judge and in his stead. The privilege of making the appointment, being left to the personal discretion of the judge, leads to the conclusion that the par-

ty so appointed became the personal representative of the judge and not an officer of the court.

█ Having concluded that appellee, Filo M. Sedillo, was the personal representative of Judge Lujan, on the return day of the alternative writ of mandamus, did he occupy any office, trust or station under which the law specially enjoined upon him a duty to act, or, in the event of his failure or refusal, could he be compelled to perform by a writ of mandamus?

1941 Comp., Sec. 56-624, supra, provides for a writ of mandamus to compel election officials or officers to perform the duties enjoined upon them by law in regard to a recount when they have failed or refused to so do. The duty to act arises by virtue of the office, trust or station they occupy. District Judges and County Clerks are members of that body charged with the duty to recount and recanvass the ballots of any precinct upon the application of any defeated candidate by virtue of the fact that they occupy the offices of District Judge and County Clerk, and may be compelled to perform their duties by writ of mandamus. The office, trust or station, it is charged that appellee, Filo M. Sedillo, occupied, arose by virtue of his appointment as the representative of Judge Lujan to act for him. But Judge Lujan had retired from office on the 1st day of January, 1943. That former Judge Lujan lacked the authority to act as an official at the recount of the ballots, there can be no doubt. There was another judge

occupying the office of District Judge upon whom the law imposed the duty to be present, either in person, or by his representative, at such recount.

No authority has been cited as bearing directly upon this particular question, and our search has failed to reveal any. The only case that we have been able to discover, remotely touching upon the subject, is State ex rel. Watson v. Pigg, Judge, Ind.Sup., 46 N.E.2d 232, decided January 30, 1943. In 1941, the Indiana Legislature passed an act amending their Election Code and provided for a recount similar to the provisions contained in our Election Code. The recount provisions of the Indiana law provide that an unsuccessful candidate may file his application for a recount before a Judge of the Circuit Court whose duty it is to allow the application and approve the security tendered. At the November, 1942, election James McGarvey was the successful candidate for the office of Auditor of Sullivan County. His opponent, William W. Watson, filed an application for a recount of the votes cast for the office of County Auditor and presented his application to Martin L. Pigg, Judge of the Sullivan County Circuit Court. The matter was not called to the attention of Judge Pigg until the 24th day after the election, and upon motion of McGarvey, the Circuit Judge refused to approve the bond tendered and dismissed the proceedings. A suit for writ of mandamus against Judge Pigg was filed by William W. Watson. Between the time the suit was filed and the date of hearing Judge

Pigg had retired from the office of Circuit Judge, and was succeeded by Walter F. Wood. When the matter came on for hearing it appeared that Judge Pigg no longer occupied the office of Circuit Judge, and the incumbent, Judge Walter F. Wood, was substituted as respondent in the mandamus suit. This suit was brought directly in the Supreme Court, and that court in passing upon the recount statute held that the judicial functions of the Circuit Judge ended when the application for the recount was ordered, and the approval of the bond and the attendance of the Circuit Judge at the recount were ministerial duties which could be enforced by a writ of mandamus.

It is true that the question here considered was not decided in the Indiana case, supra, but all parties assumed in that case, and we think rightly so, that the judge, who had retired from office, had no duty to perform and no authority to act. A new judge had assumed the office of District Judge, qualified to act in the premises and upon whom the statute enjoined the duty to be present at such recount. If Judge Lujan was precluded from acting as an observer at such recount, because his term of office had expired, it follows that his personal representative would also be without authority to act, as the occasion for his appointment had ceased to exist, there being another judge in office upon whom these duties fell by operation of law.

The District Judge, or his duly appointed representative, and the County Clerk being indispensable parties to a lawful recount, and neither being party respondents, a compliance with an order, making the alternative writ of mandamus permanent, would depend, for its performance, upon the will of the District Judge and the County Clerk. They are not only the custodians of the keys to the ballot boxes, but have other duties to perform in order to make the recount legal. If they failed or refused to attend a meeting of the election officials for the purpose of a recount, there would be no means whereby their attendance might be enforced. This would put to naught the order of the court and defeat the due administration of the law.

In Territory ex rel. v. Suddith et al., 15 N.M. 728, 110 P. 1038, 1042, we said:

"It is said by appellants that this averment admits the relator out of court since it discloses the returns, which it is sought to correct, to be in the hands of a third party not a party to the suit. It is argued that there is no assurance that the writ, if granted, can be obeyed, and that courts will not grant the writ in doubtful cases where a compliance with it depends upon the caprices of a third person not before the court. This argument impresses us as sound and its conclusion unavoidable. It is fundamental that to authorize the writ it must appear that, if granted, it will be effectual as a remedy, and that it is within the power of the defendant, as well as his duty, to do the act in question. 2 Spelling on Injunction and other Extraordinary Remedies, §§ 1369, 1377.

"Such power does not appear from this record, but the very contrary. If, as relator alleges, the records were, when the information was filed, so far beyond the power of the respondents that 'they have had no opportunity to inspect or correct the same,' how will the granting of the writ give them that opportunity? Mandamus does not confer power nor create opportunity. It enforces the exercise of an existing power, the improvement of opportunity already present."

Making the performance of an act dependent on the will of a third party, not before the court, would tend to place too great a burden upon the other respondents, who otherwise would be bound by such order. Their performance would be impossible if the District Judge and the County Clerk, or either one, failed or refused to attend on the day set for the recount.

In Territory ex rel. v. Suddith, supra, we said: "The writ of mandamus will not require the performance of an act beyond the power of the respondent or dependent upon the will of a third person not a party to the suit."

Finding no error, the judgment of the trial court will be affirmed, and it is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.