208 P.2d 155

**STATE v. ENCINIAS.**

No. 5159.

Supreme Court of New Mexico.

July 6, 1949.

Jose E. Armijo, District Attorney, Las Vegas, E. R. Cooper, Assistant District Attorney, Las Vegas, for appellant.

Noble & Spiess, Las Vegas, for appellee.

COMPTON, Justice.

The question presented is whether appellee had a preliminary examination as required by Article II, Section 14, New Mexico Constitution, which reads:

"No persons shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Appellee Luis Encinias was charged by criminal complaint filed in the office of the District Clerk of ·San Miguel County of having committed a felony, whereupon the resident district judge entered an order disqualifying himself and designating The Honorable Harry L. Bigbee, Judge of the First Judicial District, to sit and act as committing magistrate in said cause. Timely motion was interposed challenging the jurisdiction of Judge Bigbee to so act and this being denied appellee was given a pre-

liminary examination after which an order was entered holding him for trial.

Thereupon an information was filed. The venue of the cause was changed to Taos County whereupon appellee again challenged the information by motion to dismiss claiming that on account of not having had a preliminary examination and not having waived it he had been denied due process of law available to him in such case. From an order granting the motion the State appeals.

Appellee's claimed denial of due process is without merit. Judge Bigbee, while sitting as a committing magistrate at the request of the resident judge, was holding court and while thus engaged accorded appellee the constitutional right which he now claims.

The authority of a district judge to preside in matters outside his district is authorized and extended by the constitution and we look to the constitution to find what his authority is:

"Any district judge may hold district court in any county at the request of the judge of such district.

"Whenever the public business may require, the chief justice of the Supreme Court shall designate any district judge of the state, or any justice of the Supreme Court when no district judge may be available within a reasonable time, to hold court in any district, and two or more judges may sit in any district or county separately at the same time. If any judge shall be disqualified from hearing any cause in the district, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein." Article 6, Sec. 15, N.M. Constitution.

District judges also have concurrent jurisdiction with justices of the peace to hold preliminary examinations in criminal cases.

"Justices of the Supreme Court in the state, district judges in their respective districts and justices of the peace in their respective counties, shall be conservators of the peace. District judges and justices of the peace may hold preliminary examinations in criminal cases." Article 6, Sec. 21, N.M.Const.

We need not search for other authority. The answer is found in our own cases. And while there is authority to the contrary, it is certain that a district judge sitting as a committing magistrate functions as a court and exercises judicial power as such. State v. Lazarovich, 27 N.M. 282, 200 P. 422; Ravany et al. v. Equitable Life Assur. Society, 26 N.M. 41, 188 P. 1106; see also In re Santillanes, 47 N.M. 140, 138 P.2d 503.

In State v. Lazarovich, supra, we held that a justice of the peace while conducting

a preliminary examination is holding court, and that such proceeding is a "cause" in court, in the following language [27 N.M. 282, 200 P. 423]:

"If a justice of the peace, a public judicial officer, vested with judicial power, is not a 'court,' within the meaning of the act (intimidating a witness in a cause pending in a court), when transacting judicial business over which he has jurisdiction by law, we are at a loss to know what he is. If he is not presiding in a 'cause,' when he hears and determines matters coming before him under the law in preliminary investigations of the commission of felonies, we know not by what name to characterize such proceedings."

We held in Ravany v. Equitable Life Assur. Society, supra, that [26 N.M. 41, 188 P. 1107]:

"The designation of such a judge to hold court or *do any other judicial act* vests such designated judge with the same power as that possessed by the regular presiding judge of the district in the exercise of those functions. The designated judge is substituted for the regular presiding judge, *and for every purpose* the designated judge becomes the presiding judge." (Emphasis ours.)

We conclude that when Judge Bigbee went into San Miguel County by request of the resident judge he was vested with all the powers, including that of holding preliminary hearings, as that possessed by the resident district judge.

The judgment should be reversed with the directions to the trial court to enter an order setting aside its judgment, reinstate the case upon his docket and proceed in a manner not inconsistent herewith, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.