570 P.2d 595
**STATE of New Mexico, Petitioner-Appellant,**

v.

**John DOE, a child, Respondent-Appellee.**

**No. 2946.**

Court of Appeals of New Mexico.

Aug. 2, 1977.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for petitioner-appellant.

Bruce P. Moore, Albuquerque, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

Judge Ryan removed himself from this Children's Court case. Thereafter Mary Walters, sitting as "Judge Designate of the Children's Court" dismissed the petition alleging delinquency. The state appealed. Our calendar assignment, see N.M.Crim. App. 207, stated that the parties should brief the question of Mary Walters' authority to preside. Briefs have been filed. We hold that Mary Walters had no authority to preside as judge in this case.

### 1. *The Facts*

The petition was filed in January, 1977; the child was arraigned before Judge Ryan in February, 1977. Judge Ryan ruled on various motions on March 7, 1977. Trial was scheduled before Judge Ryan on March 16, 1977 but was continued at the request of the child's counsel. On March 14, and 21, 1977 Judge Ryan continued the hearing on additional motions. The order of continuance on March 21, 1977 recites a trial date of March 23, 1977.

The parties stipulated:

"4. Thereafter, on March 23, 1977 the Honorable Joseph C. Ryan orally removed himself as trial judge in this cause, without disqualification or recusal.

"5. No District Court judge was available in the Second Judicial District to preside in the cause, and as a result, Judge Ryan suggested the parties select a member of the bar of this state to preside as judge.

\*      \*      \*      \*      \*      \*

"8. Counsel for each party agreed to have Mary Walters sit as judge pro tempore in this cause.

"9. Judge Ryan then telephoned Mary Walters and inquired whether she would be available to preside in this cause and advised her that counsel for the parties had agreed to her as judge pro tempore.

"10. Judge Ryan did not participate in the cause thereafter.

"11. Trial of the cause began on March 23, 1977 with Mary Walters presiding as judge pro tempore.

"12. At the beginning of the proceedings on March 23, 1977, counsel for the parties again represented to Mary Walters that they had agreed upon her as judge pro tempore.

\*      \*      \*      \*      \*      \*

"16. Mary Walters has been a district judge for Bernalillo County and is now the Probate Court Judge for Bernalillo County.

"17. Neither jurisdictional questions nor waiver of jurisdictional questions were raised at anytime by any party."

### 2. Judicial Authority

■ Judicial power can only be conferred upon a person by the authority of the law. *State v. Trimble*, 317 Mo. 751, 297 S.W. 378 (1927); see *Lewis v. Harris*, 238 N.C. 642, 78 S.E.2d 715 (1953).

■ Mary Walters attempted to exercise the power of a Children's Court judge. In this case, the Children's Court was a division of the district court. Sections 13–14–3(C) and 13–14–4, N.M.S.A.1953 (Repl. Vol. 3, pt. 1); see *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968). Thus, Mary Walters attempted to exercise the power of a district court judge.

New Mexico Constitution, Article VI, § 15 states:

"Any district judge may hold district court in any county at the request of the judge of such district.

"Whenever the public business may require, the chief justice of the Supreme Court shall designate any district judge of the state, or any justice of the Supreme Court when no district judge may be available within a reasonable time, to hold court in any district, and two or more judges may sit in any district or county separately at the same time. If any judge shall be disqualified from hearing any cause in the district, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein."

In connection with the above-quoted constitutional provision, *State v. McGhee*, 41 N.M. 103, 64 P.2d 825 (1937) states:

"It is the public policy of this state, as evidenced by its Constitution and laws, that regularly elected or appointed district judges shall preside over its district courts unless, because of the disqualification of the trial judge, the parties to a suit agree that a member of the bar may try a particular case as judge pro tempore. No other means is provided for the trial of causes in the district courts of this state."

See *Moruzzi v. Federal Life & Casualty Co.*, 42 N.M. 35, 75 P.2d 320 (1938), 115 A.L.R. 407 (1938). "District judges alone are authorized to preside in the trial of causes in the district court except as provided by section 15 of article 6 of the Constitution . . . ." *State v. McGhee*, supra.

### 3. De Facto Judge

■ The child asserts that Mary Walters was a de facto district judge. The three requisites for a de facto officer are: "1. The office held by him must have a de jure existence, or at least one recognized by law; (2) he must be in actual possession thereof; and (3) his holding must be under color of title or authority." *State v. Blancett*, 24 N.M. 433, 174 P. 207 (1918), dismissed, 252 U.S. 574, 40 S.Ct. 395, 64 L.Ed. 723 (1920).

Under this definition, Mary Walters was not a de facto district judge. Paragraph 16 of the stipulation shows that she was not "holding" the office of district judge and was not in possession of such office. Paragraph 8 of the stipulation shows that she was sitting pro tempore. A person sitting as judge pro tempore "does not assume to have any title to the office." *National Bank of Washington v. McCrillis*, 15 Wash.2d 345, 130 P.2d 901 (1942). Acting pro tempore, Mary Walters was to hear only this particular case. "The temporary character of the authority of a judge pro tem and the fact that only the parties litigant are concerned with his right to act, in our opinion destroy the basis for the normal rules concerning de facto judges." *National Bank of Washington*, supra.

### 4. Judge Pro Tempore

■ The child asserts that Mary Walters was a judge pro tempore. She was a judge pro tempore only if she came within the provision of N.M.Const., Art. VI, § 15. *State v. McGhee*, supra. Not being a district judge, the only basis for her being a judge pro tempore is the last sentence of the constitutional provision which reads: "If any judge *shall be disqualified* from hearing any cause in the district, the parties to such cause, or their attorneys of record,

may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein." [Our emphasis.]

The right of the parties to agree on a member of the bar to sit as judge pro tempore comes into existence only "because of the disqualification of the trial judge". *State v. McGhee,* supra. Paragraph 4 of the stipulation states that Judge Ryan removed himself "without disqualification".

The child asserts that "disqualified" in N.M.Const., Art. VI, § 15 should be given an expansive meaning; that disqualification can result for a variety of reasons other than those specified in N.M.Const., Art. VI, § 18 or § 21–5–8, N.M.S.A.1953 (Repl. Vol. 4). See also §§ 13–14–27(D) and 13–14–33(F), N.M.S.A.1953 (Repl. Vol. 3, pt. 1). We assume, but do not decide, that "disqualified" means any valid reason why a judge should not hear the case. Giving an expanded meaning to "disqualified" does not aid the child. Whatever the meaning of "disqualified", it is stipulated that Judge Ryan removed himself "without disqualification".

The child asserts that Judge Ryan's action in removing himself "should be considered as a disqualification" within the meaning of N.M.Const., Art. VI, § 15. The child asserts that New Mexico reports are replete with cases where the judge has withdrawn "without the slightest hint of the underlying reason, and without exception the appellate opinions refer to the act of withdrawal as disqualification." In *Midwest Royalties v. Simmons,* 61 N.M. 399, 301 P.2d 334 (1956) the district judge announced in open court that he was disqualified. In *State v. Encinias,* 53 N.M. 343, 208 P.2d 155 (1949) the district judge entered an order disqualifying himself. In *Chavez v. Baca,* 47 N.M. 471, 144 P.2d 175 (1943) one district judge was disqualified by the affidavit of a party; another district judge entered an order disqualifying himself. In *State v. Lujan,* 45 N.M. 103, 111 P.2d 541 (1941) the local district judge entered an order disqualifying himself.

In each of the cases relied on by the child, the district judge was disqualified to act;

these cases do not support the argument that a withdrawal, without more, is a disqualification. The answer to the child's argument is that it is stipulated that Judge Ryan withdrew from the case "without disqualification". With this stipulation, we cannot hold that a withdrawal without disqualification is to be treated as a disqualification.

*Compere v. Girand,* 42 S.W.2d 278 (Tex. Civ.App.1931) states that in the absence of an indication to the contrary, the Texas appellate court would presume that the regular judge was disqualified. We do not consider whether such a presumption exists in New Mexico. Here there is an indication to the contrary—the stipulation that Judge Ryan removed himself without disqualification.

Judge Ryan not being disqualified, the parties had no right to agree upon Mary Walters to hear the case and Mary Walters was not a judge pro tempore under N.M. Const., Art. VI, § 15.

### 5. *Waiver and Jurisdiction*

The child points out that the parties agreed that Mary Walters should sit as a judge pro tempore. It is stipulated that no issue as to jurisdiction was raised by the parties. The parties litigated, before Mary Walters, the matter which the State has appealed. In these circumstances, the child asserts "that the State has waived . . . any objection it might have to her qualifications to act as judge in this cause."

A jurisdictional essential necessary to the validity of every judgment is the power or authority to decide the particular matter presented. *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). The power or authority to sit as a judge was considered a jurisdictional matter in *Moruzzi v. Federal Life & Casualty Co.,* supra.

*State v. Branaman,* 204 Ind. 238, 183 N.E. 653 (1932) states:

" . . . parties cannot by agreement confer upon a person a power which can come only from the sovereign and only in accordance with a fixed procedure. In

case of a change from a regular judge, parties may by agreement select the person who is to become a special judge, but they cannot by agreement make him a judge. In short, they may waive the privilege of a certain method of selecting the person who is to become a special judge, but they cannot by agreement invest this person with judicial power. That can come only from the sovereign people in the method prescribed by law."

*State v. Trimble,* supra, states:

"It is axiomatic that judicial power can only be conferred upon a court or a person by the authority of the law . . . . The act of the parties in their attempt to confer judicial power being futile, their consent to the selection of judges, regardless of its form, will not estop them from denying the jurisdiction of the court. There can be no waiver where a court is without power to hear and determine the facts."

The authority of a person to sit as judge pro tempore being a jurisdictional requirement, it may be raised at any time and was not waived by the State. *National Bank of Washington v. McCrillis,* supra.

The child cites two New Mexico cases as supporting the view that waiver may occur. The first case, *Albuq. & C. C. Co. v. Lermuseaux,* 25 N.M. 686, 187 P. 560 (1920), was concerned with the venue of workmen's compensation claims. The opinion states that the bringing of an action in an improper county is not a jurisdictional defect where the court has general jurisdiction over the subject matter. Our concern is not with venue, but with Mary Walters' authority to act as a judge. As to this, the opinion states:

"Want of jurisdiction because the court has no power and authority to adjudicate upon the subject involved in the action may be raised at any time and at any stage of the proceeding, for consent could not confer jurisdiction upon a tribunal to determine questions, the decision of which the Legislature had not intrusted to such tribunals."

This decision is consistent with and supportive of the above-cited authorities.

The second case, *State Bank of Alamogordo v. McNew,* 32 N.M. 225, 252 P. 997 (1927) discusses presumption and waiver in connection with the settling of a bill of exceptions by a designated judge sitting for the resident judge. The case does not involve the absence of judgment authority, but the apportionment of judicial power between the designated judge and the resident judge. This decision does not support the child.

The child asserts the rule is almost universal that failure to object to a pro tempore judge on the ground of lack of authority is considered to be a waiver of any objection to the judge's qualification. We do not agree. The cases relied on, which we do not cite, do not go to the total absence of judicial authority such as exists in this case.

The lack of authority to sit as a judge is a jurisdictional requirement which can be raised at any time. Since it can be raised at any time, the issue was not waived by consenting that Mary Walters act as judge pro tempore and in participating in a hearing before her without challenging her authority. See Annot., 144 A.L.R. 1207 at 1222.

Although we have discussed this contention in terms of the child's argument that the State had waived any objections to Mary Walters sitting as judge pro tempore, we point out that the issue was raised by this Court on its own motion. We did so because the authority of Mary Walters to act as judge in this case was a jurisdictional question; such questions may be raised by the appellate court on its own motion, *State v. Foster,* 87 N.M. 155, 530 P.2d 949 (Ct. App.1974).

6. *Authority of the Court of Appeals to Decide Mary Walters' Authority*

The child asserts that this Court has no authority to decide the question of Mary Walters' authority. The child relies on *State v. Blancett,* supra, which involves a de facto judge. Mary Walters was not a de facto judge; *Blancett* is not applicable.

The applicable rule is stated in Annot., 144 A.L.R. 1207 at 1214, as follows:

"The necessities upon which the general rule that the title or authority of a de facto judge cannot be challenged by a litigant in litigation before him are not present, at least to the same extent, where one other than the regular judge presides, inasmuch as in such case, there is no profession of right to the particular judgeship or authority to exercise the functions thereof, except by special election or appointment. Accordingly, upon this theory, cases of special, substitute, or pro tem judges have been recognized as exceptions to the general rule (supra II a), and objections to their authority may be made in the court in which the challenged judge sits, in a proper and timely manner, and, if overruled, may be assigned as error upon appeal."

This Court has authority, on appeal, to review the question of Mary Walters' judicial authority, she not being a de facto judge.

Mary Walters had no judicial authority in this case. Her order of dismissal is a nullity. The cause is remanded to the Children's Court with instructions to set aside the order of dismissal entered by Mary Walters as judge designate, and to proceed in accordance with this opinion.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

In *Salavea v. City and County of Honolulu,* 517 P.2d 51, 55 (Hawaii, 1973) Justice Levinson, concurring and dissenting, said:

The majority opinion is a collapsible house of cards built with a stacked deck which includes a joker in the form of equating the statutory word "State" with the opinion's "State or political subdivision."

In the instant case, there are three jokers in the stacked deck. (1) The failure to equate "judge pro tempore" with "judge de facto;" (2) the failure to equate "removed himself" with "recusal;" and (3) the failure to equate "waiver" with "no objection."

The majority opinion is a house of cards that has collapsed with three jokers trying to prop up the roof.

To reverse this case is to delay its finality, award the State, without a request therefor, an apple pie as a dessert, and defeat this case on the merits.

The State's contention is that authority was lacking for Mary Walters to act as judge pro tempore pursuant *to consent of the parties;* that this cause be remanded to determine why Judge Ryan removed himself, and if the reason or reasons given for his "removal" were based upon requirements of public business, another district judge should be designated by the Chief Justice of the Supreme Court to hear the matter if no other district judge is available. The majority opinion refuses to follow the suggestions of the State.

The respondent contends: (1) that Mary Walters' authority to act as judge pro tempore was derived from Article VI, Section 15 of the New Mexico Constitution; (2) Mary Walters was acting as a judge de facto; (3) the State has waived any objection to Mary Walters sitting as judge pro tempore; and (4) this Court lacks authority to pass upon Mary Walters' authority to sit as judge pro tempore. I agree, but the majority refuses to accept the contentions of respondent.

The solution of this serious problem is a matter of first impression in New Mexico.

A. *This is not a question of lack of jurisdiction.*

"There are three jurisdictional essentials necessary to the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter and power or authority to decide the particular matter presented", *Heckathorn v. Heckathorn,* 77 N.M. 369, 371, 423 P.2d 410, 412 (1967), " . . . *and the lack of either is fatal to the judgment* ". *State v. Patten,* 41 N.M. 395, 69

P.2d 931 (1937). "Lack of either" means lack of jurisdiction of the parties and subject matter, and does not refer to the jurisdiction of the court, because a district judge has the power or authority to decide the matter presented.

In *Bowen v. State,* 497 P.2d 1094 (Okl.Cr. App.1972), an attorney was appointed special judge. No objection was made to the assignment. Judge Berry presided over defendant's trial and imposed judgment and sentence in accord with the jury's verdict. Defendant argued that a special judge had no authority to hear a felony case; thus the transfer order to Judge Berry was invalid; and there was a lack of jurisdiction to impose the judgment and sentence. The court said:

> However, this is not a question of lack of jurisdiction of the trial court; rather it is a question of whether the trial judge was a proper judicial officer to hear the case. [497 P.2d at 1097]

B. *Mary Walters was selected as judge pro tempore and had judicial power and authority to decide the particular matter presented.*

The question to decide is: Was Mary Walters a proper judicial officer? The answer is "yes."

This conclusion is based upon two matters: (1) an amplification of Article VI, Section 15 of the New Mexico Constitution, and (2) Mary Walters was a de facto judge.

Article VI, Section 15 of the New Mexico Constitution provides in pertinent part:

> If any judge shall be disqualified from hearing any cause in the district, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as judge pro tempore therein.

### (1) This constitutional provision needs amplification.

*First,* a "judge pro tempore" has not been defined in New Mexico by statute, by judicial decision or by rule of court. There is some confusion and difference of opinion.

Black's Law Dictionary 976 (Rev. 4th ed. 1968) defines judge pro tempore as follows:

> One appointed *for the term or some part thereof,* during which time he exercises all the functions of the regular judge. *State ex rel. Hodshire v. Bingham,* 218 Ind. 490, 33 N.E.2d 771, 134 A.L.R. 1126. [Emphasis added]

A review of *Hodshire* shows that this definition was created by statute in Indiana. To adopt this definition would mean that a district judge "disqualified from hearing any cause in the district" would be totally and completely disqualified in every case, and a judge pro tempore selected to succeed the regular judge would sit in every case during the term of the regular judge or any part thereof. This definition does not comport with the meaning of judge pro tempore in Article VI, Section 15 of the New Mexico Constitution.

*Hodshire* also defined "special judge" as created by statute:

> A special judge is appointed to act in a particular case and his authority continues until the same is finally disposed of, unless the venue is changed. [33 N.E.2d at 771]

48 C.J.S. Judges § 2 (1947) says:

> A judge elected or appointed to act for, and in the absence, sickness, or disqualification of the regular judge is a judge pro tempore. [*Hargadon v. Silk,* 279 Ky. 69, 129 S.W.2d 1039 (1939)]

> A special or substitute judge, under statutes providing therefor, may be said to be one who presides in the place of the regular judge owing to the latter's absence or disqualification, the congested condition of the docket, or other cause. Under some statutes a special judge acts in a particular case with continuing authority therein until the case is finally disposed of, unless the venue is changed, *and he is to be distinguished from a judge pro tempore.* [*Hodshire,* supra] . . .. *The term "special judge" has been used when the person selected is a member of the bar or an attorney at law who is not otherwise a judge;* . . . . [Emphasis added]

Annot., 134 A.L.R. 1129 (1941) says:

However, the majority of the courts have not attempted to make any distinction between the two types of judges for the purposes of discussing the question involved in this annotation, but have called both types "special judges."

See also, 46 Am.Jur.2d, Judges, § 249 (1969).

In the absence of statute or rule of the Supreme Court, we define "judge pro tempore" as used in the Constitution to mean:

A special judge selected by the parties or their attorneys of record to act in a particular case and to hear and determine the case until it is finally disposed of.

This definition comports with the language in New Mexico decisions. See, *Moruzzi v. Federal Life & Casualty Co.,* 42 N.M. 35, 75 P.2d 320 (1938); *State ex rel. Tittman v. McGhee,* 41 N.M. 103, 64 P.2d 825 (1937).

*Second,* what is meant by the word "disqualified" contained in the phrase "If any judge shall be disqualified from hearing any cause"? The word "disqualified" is not limited, narrowed or qualified in the broad expanse of its meaning. It cannot be hogtied and branded. Disqualification can occur in various ways: (1) when a party believes that the judge before whom the action or proceeding is to be tried or heard cannot preside over the action or proceeding with impartiality, § 21–5–8, N.M.S.A.1953 (Repl. Vol. 4); (2) when a judge falls within the provision of Article VI, Section 18 of the New Mexico Constitution, *State v. Scarborough,* 75 N.M. 702, 410 P.2d 732 (1966); *Midwest Royalties v. Simmons,* 61 N.M. 399, 301 P.2d 334 (1956); *State v. Lujan,* 45 N.M. 103, 111 P.2d 541 (1941); (3) when a judge disqualifies himself by what has been designated as a "recusal". Various reasons for self-disqualification are set forth in Canon 3(C) of the Code of Judicial Conduct [§ 16–11–3(C), N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.)]. A judge may recuse himself even though the reason given may not be sufficient to form the basis of a legal disqualification, *Zuniga v. Superior Court of State,* 77 Ariz. 222, 269 P.2d 720 (1954), and since this recusal rests in the discretion of the regular judge, and the reason or reasons

may be personal, he need not state them. *State ex rel. Mosshammer v. Allen Superior Court No. 3,* 246 Ind. 366, 206 N.E.2d 139 (1965). Even though a regular judge should recuse himself only for the most compelling reasons, he "may *sua sponte* disqualify himself *from hearing any matter that may come before him.*" [Emphasis added] *Nelson v. Fitzgerald,* 403 P.2d 677, 679 (Alaska, 1965). *Taylor v. Taylor,* 185 Va. 126, 37 S.E.2d 886, 889 (1946) says:

The rule may be thus stated: Within liberal limits, a judge, in determining his own qualifications, must exercise sound judicial discretion, subject to review. To make him the final judge is to take us back to the days of Baron Jeffreys. [1st Baron *Jeffreys of Wem* English jurist, 1648–1689]

(2) *Mary Walters was a de facto judge.*

In the instant case the parties stipulated that Judge Ryan "orally removed himself as trial judge in this cause, without disqualification or recusal", and "suggested the parties select a member of the bar of this state to preside as judge." How a judge can remove himself without recusing himself is a mystery. The ambiguity of this language grows out of the use of phrases that lawyers traditionally use that have no definite meaning. Judge Ryan should have been requested to state his reasons. If he did not have any reason or reasons, then the stipulation would read that Judge Ryan "orally removed himself without reason." It is reasonable to presume that Judge Ryan had some personal reason for recusing himself.

In the interpretation of this stipulation we should not make a fortress out of a dictionary by defining the words "removed himself" and "recusal" by a judge. When a judge removes himself from a case, without objection by the parties, he recuses himself, and when he recuses himself, he disqualifies himself.

We base this conclusion upon the philosophical concept that "you cannot eat your cake and have it too." The State took its chances before a judge pro tempore to avail

itself of the benefits of a favorable result. Having had this chance, it cannot now seek a favorable result before another judge.

We have gone so far as to hold that a judge of another district designated to hold court is a judge pro tempore and when he assumed to act on authority and the record does not affirmatively show lack of authority, "we will presume that such authority existed." *State Bank of Alamogordo v. McNew, et al.,* 32 N.M. 225, 229, 252 P. 997, 999 (1927).

In *Kelly v. Roetzel,* 64 Okl. 36, 165 P. 1150 (1917), the regular judge announced that he would retire from the bench if counsel could agree on another judge to try the case. There was no authority of law for the parties to agree upon a special judge to sit in the trial of the case. The regular judge was not disqualified nor did he recuse himself. The parties agreed upon another judge, and without objection, the special judge tried the case. Judgment for plaintiff was appealed by defendant and affirmed.

Article 7, Section 9 of the Oklahoma Constitution provides in pertinent part:

In the event any judge shall be disqualified *for any reason from trying any case* in his district, the parties to such case may agree upon a judge pro tempore to try the same . . . .

The court said in *Kelly,* supra:

The office of judge pro tempore is thus recognized both by the Constitution and the statutes of this state, *and when the parties below consented that the Hon. John F. Curran should sit as special judge upon the trial of this cause, and he did in fact preside during the trial thereof, he became a de facto judge, and, no objection having been made thereto at or during the trial, his authority cannot be questioned for the first time in this court.* . . . Litigants should not be permitted to try a case without objection before a special judge, taking chances upon the outcome of the trial, with the intention of availing themselves of the benefits incident to a favorable result, and at the same time be accorded the right to ques-

tion the validity of such proceedings should an adverse verdict be rendered. [Emphasis added] [165 P.2d at 1151]

It is of no significance that the "special judge" in *Kelly,* supra, a "judge pro tempore," was another regular judge and not an attorney. An attorney elevated by the Constitution to the position of "judge pro tempore" sits on the bench as a regular judge and not as an attorney.

A special judge is a judge de facto. *State v. Grayston,* 349 Mo. 700, 163 S.W.2d 335 (1942). In Missouri the "special" judge was a "temporary" judge who sat in the place of an absent judge. This special judge was elected by attorneys to hold the court for the occasion. In *Usher v. Western Union Telegraph Co.,* 122 Mo.App. 98, 98 S.W. 84 (1906), the judge died. An election was held. Members of the bar elected one of their members as special judge. The plaintiff contended that when a judge dies, there is a vacancy that must be filled by the governor. The court said:

We find that we are relieved of the necessity of giving construction to the statute from the following considerations. It appears that Van Pool was elected by electors who were authorized to elect a special judge in certain contingencies. If we concede no such contingency as the statute contemplates had arisen, yet it is a fact that these electors, acting under a mistaken view of their right, did elect a special judge and that he assumed the duties of the office. He thereby became a judge de facto and his act in extending time for filing was a valid act. [98 S.W. at 88]

In *State v. Miller,* 111 Mo. 542, 20 S.W. 243, 244 (1892) the court said:

When the conditions upon which a temporary judge might have been appointed all existed, and the incumbent was duly elected, qualified, and took possession of the office, he became a temporary judge of the court *de facto,* though the official oath was not filed, as required; and the proceedings of the court, which were unchallenged during his incumbency, cannot be afterwards questioned collaterally.

No distinction of importance can be seen between the election of a special judge by members of the bar and selection of a special judge by attorneys of record.

In the instant case, Judge Ryan was disqualified under Article VI, Section 15, supra. When the attorneys selected Mary Walters as the special judge, she was clothed with power and authority to decide the case. Mary Walters, a judge pro tempore, was a judge de facto. Her acts were valid and binding and not subject to questioning or collateral attack on appeal. *State v. Blancett,* 24 N.M. 433, 174 P. 207 (1918).

C. *The State waived its right to object to Mary Walters as judge pro tempore.*

The State did not question the right of Mary Walters to sit as judge pro tempore until this matter was called to the attention of the parties below by this Court. We can now understand why the State tries diligently to displace Mary Walters as judge pro tempore. It lost the case below. The State voluntarily and without objection (1) accepted the suggestion of Judge Ryan to select a special judge, (2) agreed on a special judge, (3) tried the case before the special judge, (4) lost the case before the special judge, and (5) appealed from the order of the special judge. It is too late in the day for the State to say "We want another judge before whom we might win this case."

We have a duty to view this matter realistically. When parties act voluntarily and without objection, they should be bound by their conduct. We have held that when objection is made for the first time on appeal, the objection comes too late. *Albuq. & C. C. Co. v. Lermuseaux,* 25 N.M. 686, 187 P. 560 (1920), was a workmen's compensation case. The claim for relief was filed in Bernalillo County. The subject matter was within the jurisdiction of the district court of Bernalillo County, but the venue of the proceeding was actually in Santa Fe County. The defendants appeared to the action in Bernalillo County, defended on the merits, and failed to advise the court that it objected to assumption of jurisdiction. Defendants assailed the jurisdiction of the court for the first time in the Supreme Court. The court answered with one sentence.

From the foregoing it will be seen that the objection comes to a [sic] late; that defendant should have raised the question at its first appearance in that court. [25 N.M. at 693, 187 P. at 562]

The general rule is that a party who fails to object to the selection of a judge pro tempore at or before trial is deemed to have waived his right to object. *Bowen v. State,* supra; *Martin v. Dowling,* 204 Tenn. 34, 315 S.W.2d 397 (1958); *Oklahoma Transp. Co. v. Lewis,* 177 Okl. 106, 58 P.2d 128 (1936); *Hoglan v. Geddes,* 25 Wyo. 436, 172 P. 136 (1918); *Meisenheimer v. Meisenheimer,* 55 Wash. 32, 104 P. 159 (1909); *Whitesell v. Strickler,* 167 Ind. 602, 78 N.E. 845 (1906); *Kelly v. Roetzel,* supra; Annot., 144 A.L.R. 1207 at 1217 (1943); 46 Am.Jur.2d, Judges, § 260 (1969).

I say that Mary Walters as judge pro tempore had power and authority to decide this case and we should proceed to determine the issues raised by the State on this appeal.